(72 App. Div. 180.)

HINSDALE v. BANKERS' LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 23, 1902.)

INTERPLEADER—ACTION ON LIFE POLICY—SUFFICIENCY OF SHOWING.

An order of interpleader will not be granted in an action on a life policy by an assignee thereof, where the moving papers merely assert that a claim has been made on the company for the proceeds of the policy by a third person, without stating facts showing a real doubt of plaintiff's right to recover, or a foundation for the claim of the third person.

Appeal from special term, New York county.

Action on a life policy by Christine H. Hinsdale against the Bankers' Life Insurance Company of New York. From an order granting an interpleader, the plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

---

(37 Misc. Rep. 696.)

In re WALRATH.

(Surrogate's Court, Madison County. April, 1902.)

ACCOUNTING BY EXECUTOR—OPENING DECREE—MATTERS OF SUBSTANCE.

Under Code Civ. Proc. § 2481, subd. 6, authorizing the surrogate to open or set aside a decree, or to grant a new trial for fraud, newly-discovered evidence, clerical error, or other sufficient cause in the same manner as a court of record would exercise its powers, the surrogate

cannot modify its decree to correct errors of substance, as the remedy is by appeal, and not by motion, and such motion will be denied when made to review a decision refusing to charge an accounting executor with certain interest, disallowing a payment made by him, giving him commissions, and making an allowance to his counsel.

In the matter of the judicial settlement of Peter Walrath, executor of Conrad Craytor, deceased. Motion by Mary G. Craytor and others, legatees under the will, to set aside the decree settling the accounts and for a rehearing. Denied.

Burden & Shanahan, for Mary G. Craytor, Lona M. Craytor, and Frances Eckor.

S. M. Wing, for Lucien Craytor and Edward Craytor.

Phillips & Hitchcock, for executor and trustee.

SMITH, S. The contestants contend that interest on the $231.16 item of cheese factory dividends, which the court found should be charged to the executor, ought to be computed, and such interest charged to him. Also that interest ought to have been computed on the $101.50, the Eckor note, which the court refused to allow as a credit to the executor, and that such interest ought to be charged to him. They also contend that the court erred in allowing commissions to the executor and trustee, and also in allowing compensation to the counsel for appearing for him upon the accounting. Also that the court erred in allowing an item of $20 paid one Fritz C. Block for preparing the account of the executor rendered upon the accounting. Other objections to the final decree are made, which perhaps it is not necessary here to state. Letters testamentary were issued to the executor on November 16, 1875, since which time down to the date of the decree he has acted as executor and trustee of the estate in question. A portion of the estate was left in his hands in trust, the interest thereon to be paid to the widow of the deceased during her lifetime, and at her death such principal was to be by him distributed under the provisions of the will. On presenting his final account as such executor and trustee, objections were filed to many items thereof, and evidence was given concerning the items thus objected to. After the trial had proceeded for some little time, and considerable evidence had been given, a stipulation in open court was made by the parties, by which it was consented that all objections to the account as filed were withdrawn, and that the account was correct except as to certain items mentioned in the stipulation, which were disputed and contested. The third one of those items, which, under such stipulation, was still in contest, is the item of $101.50, mentioned in Schedule B, "Loss on note, Jerome Eckor," and the specific objection in such stipulation made to that item is as follows: "That the $101.50, Schedule B, 'Loss on note, Jerome Eckor,' is not represented by a proper or sufficient voucher, and that the said item is erroneous, and is not a proper charge against said estate." By such stipulation the allegations concerning the item of $231.16, cheese factory dividends, with which the court charged the executor, is as follows: "That Schedule A of said account is omissive as to the cheese fac-

tory dividends; that the one-half interest of the estate in the same should be $231.16, according to Schedule C, Edward Craytor's account." The item of $20 referred to was by such stipulation objected to in the following language: "That the item of $20, Schedule E, 'Paid F. C. Block, services, $20,' is erroneous, and is not a proper charge against said estate." By such stipulation objections were made to other items, which, for the purposes of this motion, it is not necessary to specify, for the reason they are not involved in the motion. Later on, and during the trial, it was expressly stated by Mr. Burden, as such counsel, that certain items by him specified were not objected to. In Schedule B of the account filed by the executor he had credited himself as follows: "Paid loss on note, Jerome Eckor, $101.50;" and in the same account, under date of April 22, 1901, he had credited himself with having paid "Fritz C. Block, services in preparing account, $20." After hearing all the evidence and the argument of counsel, the court disallowed the item of credit to the executor, "$101.50, loss on note of Jerome Eckor," but allowed the credit of $20 paid for preparing the account. Also the court found from the evidence and from the account, both of which were voluminous, that the executor had omitted in his account to credit the estate with the cheese factory dividends, amounting to $231.16, and by its decree charged him therewith. By the original allegations filed against the executor's account, objections were made to his credit of the $101.50 in the following language: "Eighth. That the item of $101.50 in Schedule B, 'Loss on note, Jerome Eckor,' is not represented by a proper and sufficient voucher; that the said item is erroneous;" and in such allegations the objection concerning the item of $231.16, cheese factory dividends, was made in the following language: "Twelfth. That Schedule A of said account is omissive as to the cheese factory dividends; that the one-half interest of the estate in the same should be $231.16, according to Schedule C, Edward H. Craytor's account." By supplemental objections interposed by the parties represented by Burden & Shanahan, and which were filed before the stipulations referred to, the objection to the $20 item was made in the following language: "Fifth. That the item of $20, Schedule E, 'Paid Fritz C. Block, services, $20,' is erroneous, and is not a proper charge against said estate." Under the issues as thus framed by the stipulations referred to, the court, in adjusting the account, did not charge the executor and trustee with interest on the two items $101.50 and $231.16. It is now contended that the court erred in this.

In such proceedings the account and the objections thereto form the pleadings. In re Hart, 60 Hun, 516, 15 N. Y. Supp. 239; In re Heuser's Estate, 87 Hun, 262, 33 N. Y. Supp. 831. Under these decisions, and in view of the stipulations above referred to, the court held that the question of interest upon the items mentioned was not involved; that it was really eliminated by the pleadings and stipulations. It is now contended by the contestants that the omission to allow or charge the executor and trustee with interest upon the items $101.50 and $231.16 was a clerical error,—an error in figuring or computing,—and that the court has power to open

the decree for the purpose of correcting those errors. The power of a surrogate to open his decree on the ground of clear mistake, accident, or fraud is undoubted, but the power should be cautiously exercised. It should never be used for the purpose of enabling the surrogate to review his own decision. The only appropriate method of review is by appeal. Story v. Dayton, 22 Hun, 450. It is claimed by the contestants that under subdivision 6 of section 2481 of the Code of Civil Procedure, the surrogate has power to open and modify the decree previously entered, or to enter at this time a decree or order changing the previous decree by charging the executor with the interest mentioned, and also by disallowing the item of $20 paid Block, and by disallowing the commissions to the executor and the allowance made to counsel. In passing upon this question I do not deem it necessary to enter into any consideration or discussion as to the correctness of the court's decision made upon the final accounting, and under which the decree was entered, except to say that under the evidence and under the objections, as modified by the stipulations referred to, I thought, and still think, that I arrived at a correct conclusion. Whether I did or not can be determined by a higher tribunal. The serious question, in my mind, is as to whether I would have any power on this application to open, vacate, or modify the decree thus entered, or to make a new decree or order in any manner changing my previous decision. If I have not, then this motion cannot prevail. Subdivision 6, referred to, authorizes the surrogate to open, vacate, modify, or set aside, or to enter as of a former time a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. The subdivision further provides that the powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers. There is no claim made by the moving papers of any fraud having been practiced under which the decree was made. The subdivision of the section referred to received a very careful consideration by the court of appeals in Re Henderson, 157 N. Y. 423, 52 N. E. 183, and, while many cases have been cited by the counsel for the respective parties, which I have carefully examined, it seems to me that for the purposes of this motion, and to determine the powers of the surrogate under the section referred to, it is sufficient to consider the decision of the court of appeals in the case referred to. Under this decision, while the powers of the surrogate's court are wholly statutory, still it possesses such incidental powers as are necessary to a proper exercise of those expressly conferred. All courts possess some inherent power, and the correction of their own records, when affected by some mistake or clerical error, is about as mild an exercise of such power as can well be imagined. This power does not proceed from or rest upon statutes; it would exist without them. Hence, in settling the accounts of an executor or administrator there is no doubt but that the surrogate has power to modify or amend his decree so as to correct a mere clerical or arithmetical error, and there are reasons why the surrogate's court

should have ample authority over its own records for the correction of any clerical mistake. Those reasons are pointed out by O'Brien, J., in his opinion in the case referred to. While the surrogate's court has such powers, it has not power to correct errors of substance made at the hearing, which should be corrected by appeal, and not by motion. In the cases In re Tilden's Ex'rs, 98 N. Y. 434, and In re Hawley, 100 N. Y. 206, 3 N. E. 68, referred to by O'Brien, J., in Re Henderson, the principle is clearly recognized and established that the surrogate has power to. open or modify his decree for clerical errors, but has not for errors of substance; that the latter errors should be corrected by appeal, and not by motion. This motion is not to correct a record so as to make it conform to whatever one intended, but to review the decision upon the merits. In other words, it is an attempt to appeal by motion from an alleged erroneous decision. If the surrogate erred in his decision on which the decree in question was entered, the contestants have ample remedy, but under the decision referred to, as well as under all the decisions in construing the section of the Code referred to, their remedy is by appeal, and not by motion. For these reasons, I thin' the motion must be denied, but, under the circumstances, without costs to either party as against the other.

Motion denied, without costs.