In the Matter of the Judicial Settlement of the Accounts of FRED S. GRIFFIN, as Administrator, etc., of LEVI C. GRIFFIN, Deceased.

In the Matter of the Application of EMMA LEWIS, Respondent, to Open the Final Judicial Accounting of FRED S. GRIFFIN, as Administrator, etc., of LEVI C. GRIFFIN, Deceased, Appellant.

Third Department, November 13, 1924.

**Executors and administrators — petition to open decree judicially settling account and to permit filing objections to claim of administrator for board of intestate — real estate was ordered sold on petition setting forth itemized statement of administrator's claim — present petitioner was duly cited but failed to appear — order for sale allowed claim — under Surrogate's Court Act, art. 13, surrogate had power to allow claim in real estate proceeding — petition did not allege facts showing fraud in making decree — order opening decree reversed — order opening decree cannot be sustained under Surrogate's Court Act, § 20, subd. 6.**

A Surrogate's Court has power under article 13 of the Surrogate's Court Act, in proceedings to sell real estate for the purpose of paying debts, to allow the claim of an administrator for the board of the intestate where the petition for the sale of real estate sets forth the claim in full.

An order of the surrogate opening a decree judicially settling the account of the administrator and permitting the filing of objections to the claim of the administrator will be reversed, where it appears that the petitioner was duly cited in the real estate proceedings in which the claim of the administrator was presented and allowed but failed to appear, and where it appears further that no facts are alleged showing fraud in the making of the decree.

The order opening the decree cannot be sustained under the powers granted by subdivision 6 of section 20 of the Surrogate's Court Act.

APPEAL by Fred S. Griffin, as administrator, from an order of the Surrogate's Court of the county of St. Lawrence, entered in

the office of said Surrogate's Court on the 14th day of May, 1921, opening a decree judicially settling the accounts of said Fred S. Griffin, as administrator, etc., of Levi C. Griffin, deceased, and allowing the filing of objections to the account.

*Frederic J. Merriman*, for the appellant.

*Fred J. Flanagan*, for the respondent.

McCANN, J.:

Levi C. Griffin died intestate on March 16, 1919. On April twenty-third following, his nephew Fred S. Griffin was appointed administrator of his estate. On May 23, 1919, the administrator filed a petition asking for the sale of decedent's real estate for the purpose of paying his debts and funeral expenses. The petition set forth a list of assets and liabilities as required by law, the facts showing the necessity for a sale of the real estate and an itemized statement of alleged indebtedness owing to the administrator by decedent, consisting of board, lodging, nursing and personal services, amounting to $2,325.66. Upon such petition a citation was issued returnable before the surrogate on the 30th day of June, 1919, by which the interested parties, including Emma Lewis, a niece of decedent, were cited to appear. The citation referred in terms to the nature of the proceeding and to the fact that the administrator had applied for authority to sell the real estate of decedent for the payment of the funeral expenses and *for the adjudication of his claim against the estate of said decedent.* Upon the return day, no one opposing, and the petition having been verified, the facts therein stated were deemed to be sufficient proof, and an order was made on the same day allowing the claim and ordering the sale of the real estate. The order recited the fact that no opposition was made to the application for sale of said real estate, or to the adjudication and allowance of the claim of the said Fred S. Griffin and the claim was allowed at the amount stated. The proceedings were thereupon adjourned until December 18, 1919, at which time the sale was confirmed and a direction made that deeds be given to the purchasers and the proceedings were further adjourned until June 1, 1920.

On May 27, 1920, the administrator filed a verified petition asking for a final judicial settlement of his accounts as administrator. This petition was presented on the 1st day of June, 1920, the date to which the real estate proceeding was adjourned, and in said petition there was set forth a complete history of all the transactions of said administrator, together with an itemized statement of receipts and disbursements including the funeral expenses, and a recitation of the facts regarding the real estate proceeding, the sale of the

property therein, and the amount received therefrom. The surrogate granted a decree which was thereupon judicially settled and entered, directing payment to Fred S. Griffin on his claim as allowed the sum of $1,811.45, it appearing that the assets of the estate were not sufficient to pay the indebtedness in full.

On March 4, 1921, Emma Lewis petitioned the surrogate asking that the decree be opened that she might, as an interested party, contest the claim of Fred S. Griffin. A citation was thereupon issued to the creditors, legatees and next of kin, and upon the return thereof an answer was filed by Fred S. Griffin, and an order made on April 18, 1921, granting the application of the petitioner. From said last-mentioned order this appeal is taken. Respondent seeks to sustain the order of the surrogate under the powers granted by section 20, subdivision 6, of the Surrogate's Court Act,* which reads as follows:

" A surrogate, in or out of court, as the case requires, has power:

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

The only ground upon which it is asked that this decree be opened is " fraud " or " other sufficient cause." The only allegations of the petition upon which the surrogate can act are as follows:

The petitioner alleged that the claim of Fred S. Griffin " was made up largely of items which were and now are unlawful and a fraud on petitioner and all persons who were entitled to the estate of deceased." The petition also refers to the fact that the decedent was a Civil War pensioner; that the bill is for board, lodging, etc., and states that the decedent " paid said Fred S. Griffin for his board and keep while he lived with said Fred S. Griffin, except a small balance which was unpaid at the time of his death." The petition also states that " while decedent lived with said administrator as aforesaid, decedent took care of himself about all the time and paid his way as aforesaid." Later in the petition it is stated that the objection to the account is on the ground " that the same is illegal and fraudulent." The foregoing comprises all the allegations regarding any fraud in the transaction. There is a further statement, however, that no notice was ever left with petitioner concerning the claim of the administrator and that she had no

* Re-enacting Code Civ. Proc. § 2490, subd. 6, as amd. by Laws of 1914, chap. 443.— [REP.

knowledge of such claim until about December, 1920. Proof of service of the citation upon her has been filed in the real estate proceeding and the order allowing the claim recites such proof of service; in fact, the petitioner does not dispute that a citation was served upon her. She objects, however, to the allowance of this claim in the real estate proceeding and not in the judicial settlement. There is no basis for any such objection as article 13 of the Surrogate's Court Act provides for such procedure.*

The real estate proceeding was adjourned from time to time until the date of the presentation of the account on the final judicial settlement, and the petitioner was legally in court on that date in the real estate proceeding, although she might not have been there in response to a citation for the final judicial settlement. Her position cannot be sustained on the ground that she never had notice of the claim. The citation in the real estate proceeding called her attention to the fact that upon the return thereof those cited were to show cause why the claim of Fred S. Griffin should not be allowed. Her attention was called to the fact that such claim would be presented and the petition upon which the citation was issued contained an itemized statement of the same. Her petition fails to set forth any allegations of fraud upon which the court has authority to act. She does not allege any act of fraud, but rests upon a statement of a conclusion. She gives no facts from which the court can draw any inference as to the nature of the fraud in the claim and there is no proof offered to show there was any fraud in procuring the order. Even as conclusions the allegations must be considered as meaning no more than that the claim was not a valid one. She produces no facts to show her knowledge nor any evidence to show that upon a rehearing any evidence could be produced to show that the claim was not valid. The powers of the surrogate in such case according to the section above quoted are to be exercised in the same manner as in a court of record and of general jurisdiction. This would require that advice be given to the court as to whether or not there would be any reason for opening the decree; as to whether there was any evidence in existence which might be offered to change the decision of the surrogate. The substance of the position of the petitioner is that she is in default and asks to be relieved from the same, and in so doing she has presented no facts justifying the granting of her petition.

The question involved has been before the courts on numerous

---

* See, also, Code Civ. Proc. chap. 18, tit. 4, art. 3, as amd. by Laws of 1914, chap. 443.— [REP.

occasions.   The petitioner cited *Matter of Townsend* (215 N. Y. 442, 446) and *Matter of Shonts* (229 id. 374, 380) as authorities to sustain her position.   In *Matter of Townsend* (*supra*) the Court of Appeals refused to interfere with the decision of the surrogate in refusing to open a decree to correct a mistake due to an oversight.   The *Shonts Case* (*supra*) has no bearing except to show the power of the surrogate to exercise his discretion in certain cases.   *Matter of Peck* (131 App. Div. 81, 83) holds: " The affidavits do not suggest that the administratrix has been guilty of any fraud in the procuring of the decree, or that there has been any newly discovered evidence, clerical error or other sufficient cause, as that term is judicially understood." The opinion in citing *Matter of Henderson* (157 N. Y. 423) quotes as follows: " The moving papers must show that there has been fraud, or that evidence has been newly discovered, or that a clerical error, as distinguished from a judicial error, has been committed, or that other sufficient cause exists."

In the case at bar no facts have been offered to show any of the conditions mentioned.   (See, also, *Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206; *Matter of Olmsted*, 17 Abb. N. C. 321, 327, where it is said that " to warrant the court in setting aside the decree for fraud, the evidence of the fraud must be clear and conclusive."   See, also, *Matter of Dey Ermand*, 24 Hun, 1, 4, which holds that the moving affidavits must show fraud, deception or excusable negligence.   It also holds that ignorance of the law does not relieve the objector.)   In *Matter of Humfreville* (8 App. Div. 312, 314) the court said: " Surrogate FITZGERALD was bound to act upon the evidence adduced before him.   If the appellants adduced none, they have only themselves to blame."

Other cases bearing upon the same question where the court refused to open the decree are *Matter of Walrath* (37 Misc. Rep. 696); *Matter of Douglas* (52 App. Div. 303); *Matter of Hermann* (178 id. 182).

The order of the surrogate from which the appeal has been taken should be reversed, without costs.

All concur.

Decree reversed on the law and facts, without costs.