In the Matter of the Accounting of the EMPIRE TRUST COMPANY et al., as Executors of GEORGE K. GARVIN, Deceased, Appellants and Respondents.

DOROTHEA M. GARVIN, Appellant; GEORGENA K. GARVIN, an Infant, by ROBERT J. MAHON, Her Guardian, Respondent.

(Argued May 18, 1931; decided June 9, 1931.)

*Martin Conboy* and *Phillip S. Hill* for Empire Trust Company et al., appellants and respondents. The finding of the Appellate Division that the executors were negligent in failing to dispose of the stock to the extent necessary to pay the infant's share in the estate, is not supported by the evidence. (*Matter of Carmody*, 134 Misc. Rep. 11; *Matter of Wagner*, 40 Misc. Rep. 490; *Matter of Clark*, 136 Misc. Rep. 881; *Matter of Weston*, 91 N. Y. 502; *Matter of Varet*, 181 App. Div. 446; 224 N. Y. 573; *Hancox* v. *Meeker*, 95 N. Y. 528; *Matter of Thompson*, 41 Misc. Rep. 420; 87 App. Div. 609; 178 N. Y. 554; *Matter of Murphy*, 155 N. Y. 557; *Smith* v. *Robertson*, 89 N. Y. 555.) There is no authority for directing that an allowance for counsel fees in the guise of an allowance to the guardian be paid by the executors individually. (*Morgan* v. *Hannas*, 49 N. Y. 667; *Parker* v. *Day*, 155 N. Y. 384.)

*N. Otis Rockwood* and *M. Glenn Folger* for Dorothea M. Garvin, appellant. The findings made by the Appellate Division are fully justified by the evidence, and upon such findings the failure of the executors to exercise the degree of care, prudence, diligence, sagacity and vigilance required of them is thoroughly established. (*King* v. *Talbot*, 40 N. Y. 76; *Matter of Hurlbut*, 210 App. Div. 456; *Matter of Clark*, 136 Misc. Rep. 881.) The action of the executors was neither consented to nor authorized by the widow. (*Adair* v. *Brimmer*, 74 N. Y. 539; *Matter of United States Trust Co.*, 189 App. Div. 75.)

*John E. Mack, Wilfrid N. O'Neil* and *Robert J. Mahon* for respondent. The infant's share was set apart by statute as a paramount distributive share requiring strict

administration. It could not be limited or modified by the will or otherwise. (*Matter of Murphy*, 144 N. Y. 557; *Smith* v. *Robertson*, 89 N. Y. 555; *Yung* v. *Blake*, 163 App. Div. 502; *McCrum* v. *McCrum*, 141 App. Div. 83; *Obecny* v. *Goetz*, 116 App. Div. 809; *Matter of Mulqueen*, 213 App. Div. 637; 241 N. Y. 31; *King* v. *Talbot*, 40 N. Y. 76; *Matter of Yung*, 103 Misc. Rep. 358; *Villard* v. *Villard*, 219 N. Y. 482; *Matter of Hall*, 164 N. Y. 196; *Matter of Burr*, 48 Misc. Rep. 74; *Warren* v. *Union Bank*, 157 N. Y. 259; *Matter of N. Y. Life Ins. & Trust Co.*, 86 App. Div. 247; *Matter of Hulbert*, 210 App. Div. 436; *Matter of Belcher*, 129 Misc. Rep. 218.) The evidence clearly shows that the executors were negligent; and that the individual executor acted in bad faith. (*Bankers Trust Co.* v. *Bowers*, 23 Fed. Rep. [2d] 941; *Matter of Schroeder*, 113 App. Div. 204; 186 N. Y. 537; *Fulton* v. *Whitney*, 66 N. Y. 555; *Carpenter* v. *Taylor*, 164 N. Y. 171; *Matter of Hirsch*, 116 App. Div. 367; 188 N. Y. 584; *Matter of Sandrock*, 49 Misc. Rep. 318; 189 N. Y. 557; *Pyle* v. *Pyle*, 137 App. Div. 568; *Gould* v. *Gould*, 126 Misc. Rep. 54.) The amount of the award to the infant is correct. (*Matter of Hamlin*, 226 N. Y. 407; *Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1; *Livingston* v. *Ward*, 248 N. Y. 193.)

LEHMAN, J. Corporate stock appraised at the date of the testator's death at a value of $200 per share was held by the executors until it became valueless. Their course was dictated or at least influenced by the expressed wish of the testator that the stock should be held as part of a trust fund. Towards the widow, who was a beneficiary of the trust fund, and who acquiesced in, if indeed she did not encourage retention of the securities, failure to sell was a misfortune, not a wrong. So the Appellate Division held. It also held that towards the testator's infant daughter, who was entitled to a one-ninth share of the estate, the executors were under a

duty to sell the stock within a reasonable time, and that in the exercise of reasonable care the executors could and should have sold the stock at the price of $200 per share not later than May 10th, 1920. Though perhaps a trier of the facts might have reached opposite conclusions, the findings of the Appellate Division are not against the weight of evidence.

Payment by the executors to the infant must be confined to the amount the infant would have received if the stock had been sold at the price of $200 per share on May 10th, 1920. Her share of the estate has been fixed at the sum of $22,353, and the executors have been directed to pay her that amount, with interest from May 10th, 1920. The Federal estate tax was a charge upon the entire estate, and if the stock had been sold the infant's share would have been reduced by a proportionate part of the tax. If deduction has not been made in the decree for the proportionate part of the tax assessed against the estate, including the taxes which have not been paid and are perhaps not collectible, then such deduction should now be made.

The infant has received income derived from dividends paid to the estate on the corporate stock held by it. To the extent that such income was derived from dividends, which accrued to the estate after May 10th, 1920, the infant has profited by the retention of the stock. That profit must be offset against the interest which the executors have been directed to pay, and the decree must be modified accordingly. The infant was entitled to a proportionate part of the dividends which accrued upon the stock before that date either as an accretion to her share of the estate or as income thereon. Income derived from such dividends should be offset against interest only if the sum which the executors have been directed to pay includes such income as an accretion to the infant's share of the estate.

Even though the Surrogate's Court Act does not

specifically authorize the court to charge the executors personally with costs and allowance, it has the power to impose that charge against them as an expense caused by their wrong. (See *Matter of Hidden*, 243 N. Y. 499.)

Proceedings remitted to the Surrogate's Court for the entry of a decree fixing the amount payable by the executors in accordance with this memorandum.

The order of the Appellate Division and the decree of the Surrogate's Court should be modified in accordance with this memorandum and as modified affirmed, without costs, and the matter remitted to the Surrogate's Court for further proceedings in accordance herewith.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.