KATHRYN M. GRANT O'LEARY, Plaintiff, *v.* DE FOREST GRANT and Another, Defendants.

Supreme Court, New York County, January 25, 1935.

*Weil, Gotshal & Manges*, for the plaintiff.

*Emmet, Marvin & Martin*, for the defendants, trustees.

CALLAHAN, J. Plaintiff executed a voluntary trust of personal property to defendant trustees. She claims, however, that she was induced to execute it through fraud and brings this action to revoke it.

The deed of trust provides that the trustees named are to pay the income from the trust property to the settlor for her life and on her death, leaving issue, to pay said income to such issue during the lifetime of the settlor's sister. If the settlor dies without issue the income is to be paid to her sister during the latter's life. On the death of the last survivor as between the settlor and her sister the trust is to terminate and " the trustees shall thereupon grant, convey, assign, set over and deliver all of the principal " to the settlor's children and the issue of any deceased child *per stirpes*, and in default of any surviving issue of the settlor to the issue of her sister in like manner, and if there is no surviving issue of either the settlor or her sister to the heirs at law or next of kin of the settlor.

The only defendants joined herein are the trustees and the settlor's sister. Neither the settlor nor her sister have issue at present. However, they are both young married women and the birth of issue is not improbable. Equity requires that all parties in interest be brought before it so that a complete determination of all issues may be had. (See, also, Civ. Prac. Act, § 193.) The question as to who are necessary parties in an action to revoke a trust was recently discussed in *McKnight* v. *Bank of New York & Trust Co.* (254 N. Y. 417). The Court of Appeals, after stating that in such an action all beneficiaries are necessary parties, stated (at p. 421): " Not always is it easy to determine in an action of this kind who should be made parties or who are beneficially interested, but the prevailing equitable rule appears to be that

all those who are living and are beneficially interested should be made the parties in an action to set aside or revoke an instrument or deed of trust."

The parties to the present controversy disagree on two essential questions, *first*, as to who are the living persons beneficially interested, and *second*, as to whether it is necessary to have unborn issue of the settlor or her sister or unborn next of kin represented by special guardians. As to the first controversy, it is clear that remaindermen as well as life tenants must be deemed beneficially interested. Among those who are designated as remaindermen here are the heirs at law and next of kin of the settlor. For convenience they may be referred to as the distributees. (See Dec. Est. Law, § 81.) These distributees may be divided, for like purpose of convenience, into two general groups, *first*, the " presumptive distributees," that is, those persons who would be the heirs at law and the next of kin if the settlor and her sister died now and neither of them left issue, and *second*, the " potential distributees," or those persons who might take if distribution was made at some time in the future and if, in the meantime, the presumptive distributees or some of them died. It seems clear that at least the first class named, that is, the living presumptive distributees, are necessary parties to this action. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298.) Under the form of the present trust their interest in remainder appears vested subject to being divested by the birth and survivorship of issue of the settlor or her sister.

There seems to be no necessity of joining potential distributees in addition to presumptive distributees. True, it has been held that living contingent beneficiaries are necessary parties (*Hess* v. *Hess*, 233 N. Y. 164), but it has also been held that where heirs as a class are required to be brought into an action, the heirs presumptive are the proper parties to be joined. (*Waxson Realty Corp.* v. *Rothschild*, 255 N. Y. 332.) In *Mayer* v. *Chase National Bank* (236 App. Div. 778) the Appellate Division upheld that portion of the order made below which refused to bring in potential in addition to presumptive distributees. Further, the potential distributees, though living persons, may, according to an eminent text writer (Freeman Judgments, § 490) be deemed represented under these circumstances by the presumptive distributees. The former have a mere contingent interest which will be defeated by the survivorship of the latter in whom the remainder is now vested. Their interests in this litigation are identical.

The remaining controversy involves a question as to whether special guardians should be appointed to represent the unborn issue of the settlor or of her sister or unborn distributees. As

shown by the quotation from the *McKnight Case* (*supra*), the Court of Appeals has indicated that only living beneficiaries need be joined. Defendant trustees argue, however, that that statement must be considered in light of the facts in that case: that what the court intended to state was that only the living of the many specific beneficiaries mentioned in that trust were required to be brought into the action. The statement of the court, however, is too broad for such interpretation. It set forth what the court found to be the general equitable rule as to necessary parties. An examination of the decisions prior to the *McKnight* case will disclose considerable conflict as to the effect of a judgment on the rights of after-born beneficiaries who are not represented in an action. (See *Monarque* v. *Monarque*, 80 N. Y. 320; *Downey* v. *Seib*, 185 id. 427; *McArthur* v. *Scott*, 113 U. S. 340; *Kent* v. *Church of St. Michael*, 136 N. Y. 10; *Tonnele* v. *Wetmore*, 195 id. 436.) This conflict should be deemed settled, at least in so far as actions to revoke a trust of personal property are concerned, by the *McKnight* decision. Such a holding makes the rule as to necessary parties in actions to revoke a trust conform with the well-settled rule in this department, that only those in being who are beneficially interested need consent to revocation under section 23 of the Personal Property Law. (*Cram* v. *Walker*, 173 App. Div. 804; *Corbett* v. *Bank of New York & Trust Co.*, 229 id. 570; *Hussey* v. *City Bank Farmers Trust Co.*, 236 id. 117; affd., 261 N. Y. 533.)

In the recent case of *Schoellkopf* v. *Marine Trust Co.* (242 App. Div. 11 [Fourth Dept.]) the question whether trusts involving unborn beneficiaries could, in any event, be revocable on consent, was raised but not decided.

An examination of the appellant's points in *Aranyi* v. *Bankers Trust Co.* (201 App. Div. 706) shows that our Appellate Division was urged to change its ruling that trusts involving unborn beneficiaries could be revoked on consents of living beneficiaries. The court, nevertheless, adhered to its prior decisions. While applications to revoke on consents, are governed by a statute whereas the question of the necessary parties in an action not involving consents would be controlled by general equitable rules, it would seem, nevertheless, that the two situations are quite analogous.

Aside from the correctness of the view that only living beneficiaries need be joined in an action such as the present, it appears to me that after the presumptive distributees are brought in there will be virtual representation of any unborn who might have an interest in this controversy without the appointment of special guardians. It is clear that the living presumptive distributees may be deemed to represent after-born distributees. They are both in

the same class. There are no issues involved herein between members of any class, the sole question being whether the creation of the trust was induced by fraud and a defense made in behalf of any one defendant on that issue must inure to the benefit of all alike.

As to the issue of the settlor's sister, while not in the same class as their ancestor, she being a life tenant and they remaindermen, they are in the same class, or at least have identical interests, with the presumptive distributees in whom the remainder interest is now vested and may be deemed represented by them. After the distributees are joined we will have as defendants a life tenant and the remaindermen. The latter are vested with the first estate of inheritance. A decree in an action having such parties before the court will bind the remote and contingent interests of other beneficiaries not in being. (*Mead* v. *Mitchell*, 17 N. Y. 210; Story Eq. Pl. [10th ed.] § 147; Freeman Judgments, § 489.) The issue of the settlor have a life interest *per autre vie* as well as a remainder. While the plaintiff who has taken an antagonistic attitude may not represent them (*Downey* v. *Seib*, *supra*), they may be deemed represented as to their life interest by the sister of the settlor and as to their interest in remainder by the presumptive distributees. Where some persons in being are brought before the court who would have the same interests as the unborn and are certain to bring forth the entire merits of the question and thus give the unborn effective protection, the dictates of both convenience and justice require that there should be a complete decree. (*Hale* v. *Hale*, 146 Ill. 227; 33 N. E. 858; *Tonnele* v. *Wetmore*, *supra*.)

For the reasons indicated, the motions for the appointment of special guardians are denied.

If plaintiff claims that the trustees are liable both individually and as trustees they should be sued in both capacities. It is not enough that they are sued individually. (*McArthur* v. *Scott*, *supra*.)

Defendants' motions are granted to the extent indicated.

Plaintiff's cross-motion to dismiss defense is denied with leave to renew after joinder of additional parties and service of new pleadings if the occasion arises for such renewal.