In the Matter of the Estate of JOHN P. GILFORD, Deceased.

Surrogate's Court, New York County, April 2, 1935.

*Murray, Ingersoll, Hoge & Humphrey* [*C. Alexander Capron* and *William E. Bardusch* of counsel], for the City Bank Farmers Trust Company.

*Saxe & Shafe,* for Emily Gilford and others.

*McCanliss, Coutant & Hinch,* for Marion Gilbert Gilford Kunhardt.

*John M. MacGregor,* for Elizabeth B. Gilford Slade.

*Alexander I. Rorke,* special guardian.

FOLEY, S. Various persons interested in this estate apply to reopen the decree judicially settling the account of the City Bank Farmers Trust Company and Emily Gilford, the widow of the testator, as executors and trustees under the will. The applicants are the widow and executrix, and three daughters of the testator, Emily L. Gilford, Almy Gilford and Elizabeth W. B. G. Slade. In addition the special guardian of three infant contingent remaindermen applies for the same relief. It is undisputed that the trust company on January 4, 1929, invested the sum of $100,000 of estate funds in a participation of a mortgage of $2,150,000 on property in the borough of Manhattan, city of New York, located on Fifty-ninth street and Madison avenue. The applicants contend that the investment was made by the trust company improvidently and imprudently, and that it was guilty of carelessness and negligence and that in particular the property had been operated during the years 1929, 1930 and 1931 at a heavy deficit and without sufficient income with which to pay interest on the mortgage, taxes and other carrying charges. Denial is made by the trust company in affidavits of its officers and employees and real estate experts that there was any lack of care or prudence in the making of the investment. They assert that the deficit in the earnings occurred after the making of the loan and because of extraordinary unforeseen circumstances. They further assert that the interest on the mortgage was paid by the owner up to one year after the entry of the decree sought to be vacated. This fact is conceded by the applicants. The moving parties also assert that certain alleged newly-discovered evidence presented by them justifies the vacatur of the decree. The corporate fiduciary on the other hand contends that all the facts were available at the time of the prior accounting and that the evidence is not newly discovered. All of the various applications are denied.

It is unnecessary to restate here the tests which authorize the reopening of a decree of the Surrogate's Court judicially settling an account. The statutory basis for the granting of such an

application is set forth in section 20, subdivision 6, of the Surrogate's Court Act. A decree may be opened or vacated only upon the ground of fraud or upon newly-discovered evidence or for clerical error or other sufficient cause. The powers conferred upon the court " must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." The limitations upon the granting of such relief have been stated in numerous decisions. (*Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206; *Joseph* v. *Herzig*, 198 id. 456; *Matter of Starbuck*, 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Flynn*, 136 id. 287; *Matter of Griffin*, 210 App. Div. 564.)

All of the parties have submitted the determination of the motions upon affidavits and although suggestion was made by the surrogate that a reference might be offered to take testimony on the issues, none of the parties interested has demanded that such procedure be followed. The motions have, therefore, been determined upon the affidavits submitted. (*Matter of Rose*, 153 App. Div. 263; *Russell* v. *Randall*, 123 N. Y. 436.)

In so far as the application of the widow is concerned, it plainly appears from her own sworn statements that she was fully aware of the original investment in the participation and that such knowledge was acquired at the exact time when the investment was made.

Although she now contends that she objected to the making of the investment it appears that such objection was merely perfunctory. During the entire administration of the estate she was represented by her own attorney. The trust company was represented by a separate set of attorneys. Mrs. Gilford's attorney, Mr. Robert L. Redfield, had represented her husband in his lifetime. He is a specialist in the law of the administration of estates. Neither she nor her attorney during the period of administration covered by the former account, made any formal protest against the making of the investment or asserted any written demand that the investment be changed by the trust company. In December, 1930, the trust company filed its account as executor and trustee under the will and petitioned for its judicial settlement. At the inception of the proceeding Mrs. Gilford did not join in the account in her status as coexecutrix and cotrustee. She was duly cited, however, and her attorney duly appeared in the proceeding. Just before the decree was entered she filed an affidavit verified April 6, 1931, in which she joined in the petition of the trust company for the judicial settlement of the accounts of both executors and wherein she adopted the account of the trust company as her own. She now contends that her only purpose in filing this affidavit was to secure

her commissions as executrix and trustee, and that she was induced to sign such affidavit by the representation of the trust company that such was its sole purpose, and that during the entire period of the accounting and up to the time of the decree she retained her opposition to the investment and her right to object to it. This statement has no support in her formal acts or those of her attorney. It is not within the power of a person interested in an estate, particularly a coexecutor, and one represented by a competent attorney, to remain passive and to permit the entry of a decree judicially settling the account and thereafter seek to reopen the decree upon a mere mental reservation. Mrs. Gilford had every opportunity to adopt the account in part and to file her formal objections in the accounting proceeding to the investment of which she now complains. She appears to have been fully advised as to her legal rights. She asserted a personal claim against the estate which was heard and allowed by the surrogate. It is incomprehensible that her attorney, with his experience and specialized knowledge, would have permitted her to have waived or yielded her rights to object to the regularity of an investment which constituted a very large part of the trust created for her benefit. Her own conduct and that of her attorney is more consistent with complete acquiescence in the investment and in the account and a contemporaneous belief that no irregularity or negligence or act of imprudence had been committed by the trust company. The situation, therefore, is similar to the typical cases that have grown out of the present economic depression affecting not only trusts but very many individuals, where subsequent events have disclosed a loss of earning power from rentals or a shrinkage in the value of the realty upon which the mortgage was placed. These new conditions have developed not from any original lack of prudence or negligence in the making of the investment, but have been created by the general condition which has affected realty values in the city of New York and indeed throughout the nation. Mrs. Gilford herself admits that the first default upon the payment of the mortgage interest did not occur until one year after the making of the decree which was signed on April 7, 1931. She further admits that neither she nor her attorney made any investigation of the property until after that default occurred and after the income of the trust was cut down. The mortgage has since been foreclosed. A large part of her income as life tenant of the trust has temporarily ceased by reason of the foreclosure. In view of her acquiescence, however, and her failure to file objections, and the conclusiveness of the decree the situation to her is " a misfortune, not a wrong." (LEHMAN, J., *Matter of Garvin*, 256 N. Y. 518.) It has been the

policy of the courts to maintain the sanctity of a decree of the Surrogate's Court entered in an accounting proceeding. Finality is thus obtained. It is only in cases of clerical error or inadvertence that a decree may be corrected. (*Matter of Henderson,* 157 N. Y. 423; *Matter of Brennan,* 251 id. 39.) It may be vacated where fraud or collusion or unwarranted imposition is established. (*Matter of Flynn,* 136 N. Y. 287; *Matter of Wechsler,* 152 Misc. 564.) It should be noted also in the present application that the original investment of the trust company in the mortgage was a legal investment within the terms of section 111 of the Decedent Estate Law. The mortgage was approximately fifty per cent of the value of the property. This value was established by an actual sale simultaneously with the placing of the mortgage. It was likewise within the legal limit of two-thirds of the value of the property based upon an appraisal made for the trust company at the time. Few decrees on accounting would have the benefit of the conclusiveness and finality granted by the Surrogate's Court Act (Surr. Ct. Act, §§ 80, 274), if they were to be lightly set aside upon the application of persons who were duly afforded an opportunity to contest the account and failed to assert their rights before the making of the final decree.

No legal ground, therefore, has been presented which justifies the vacating of the decree in favor of the widow. She is precluded and estopped by her acquiescence, her laches and by her other conduct which led to the making of the decree. (*Matter of Garvin,* 256 N. Y. 518; *Matter of Niles,* 113 id. 547; *Matter of Illfelder,* 136 Misc. 430.)

For substantially similar reasons the applications of the three adult daughters and the infant grandchildren of the testator must be denied. Two of the daughters were represented by the same attorney who acted for the widow. The other daughter was represented in the accounting proceeding by her own attorneys. Two of the daughters admitted in their affidavits that they had opportunity to inspect the account. None of them filed objections to the account. The undisputed evidence shows acquiescence on their part in the administration of the estate as disclosed by the account and acquiescence in the decree. (*Matter of Packard,* 146 Misc. 65.) No fraud, actual or constructive, or imposition upon them has been proven. There was a distribution in kind of certain of the assets to which they were entitled outright. It is typical of the care and orderly procedure with which the accounting proceeding was conducted that they executed and filed formal instruments required by section 268 of the Surrogate's Court Act consenting to the receipt of specified personal property and the

decree ratified these instruments and directed distribution of the securities mentioned in them. In the accounting proceeding the interests of the then existing infant were protected by a competent and experienced special guardian. Since there is no evidence of fraud or collusion or other legal ground of vacatur as against the interests of this infant or of the two after-born infants, the decree may not be vacated as to them. (*Matter of Tilden,* 98 N. Y. 434.)

In conclusion I am of the opinion that the alleged newly-discovered evidence urged by all the moving parties does not justify the setting aside of the decree. None of this evidence meets the test for the exercise of the jurisdiction of the court in such situations. (*Collins* v. *Central Trust Co. of Rochester,* 226 App. Div. 486, and the cases therein cited.) It is not newly-discovered evidence material or competent to the issues determined by the prior decree.

In regard to the conditions surrounding the property at the time of the making of the mortgage investment, such evidence is not newly discovered for it was available and could have been developed in the prior accounting proceeding. The most effective right to which an objectant to an account may resort is the broad examination of the executor, trustee or other representative of the estate under section 263 of the Surrogate's Court Act. That examination is granted as a matter of right. It was not employed in the former accounting. It was also within the power of these moving parties to adduce evidence from witnesses as to the rentals and expenses of the property for the period preceding and during the period of the account. The failure of the adult applicants and of their attorneys to file objections or to resort to their other procedural remedies was consistent with complete acquiescence in the administration of the estate and particularly in the making of the original investment.

The remaining alleged newly-discovered evidence related to events and conditions which have occurred since the entry of the decree. It could in no way, therefore, affect the original determination. It is significant that none of these motions was made until after objections were filed to a subsequent pending account when the moving parties discovered that inquiry into the regularity and legality of the original investment was precluded by the decree on accounting which they now seek to reopen.

Submit orders on notice denying the various applications.