In the Matter of the Estate of ALBERT VOLKENBERG, Deceased.

Surrogate's Court, New York County, July 23, 1936.

*Arthur A. Beaudry,* for Johanna Loesch, petitioner.

*Imre M. Schwarz,* for accounting executors.

FOLEY, S. This is another of those applications to set aside decrees on accounting which have been made so frequently in this court by disappointed beneficiaries.

The decree sought to be opened here settled the account of the executors and was dated the 16th day of October, 1934. The application is denied. The petitioner, Johanna Loesch, is one of the remaindermen of a trust created under the will of the testator. In an accounting proceeding instituted by the executors on the 11th day of April, 1927, she was duly served with citation by publication and by mail addressed to her at her residence in Alkmaar, Holland. By her own admission, she received the citation, but failed to appear and file objections to the account within the statutory eight days from the date of the return of the citation. She alleges in her petition in this proceeding " that she did not understand the purpose of the citation received by her by mail, or that it gave her any right to contest, or that it required her to do anything and believed that it was a mere legal formality, some intermediate step in the administration of her uncle's estate, as she understood that the estate was not to be settled until the death of her aunt, Frances Volkenberg, who she knew to be still living." It is upon these flimsy excuses that she seeks to be relieved for her default in the accounting proceeding, a default which occurred approximately nine years ago, and asks the court to reopen a decree which judicially settled the accounts of the executors, upon the sanctity and binding force of which the executors were warranted in relying. The

decree settling the account was, after unusual delay, signed on October 16, 1934. During the intervening period prior to the making of the decree, the petitioner made no move to assert any objections to the acts of the executors. The courts strive to maintain the sanctity of decrees of the Surrogate's Court made in accounting proceedings. This policy is strictly followed, and except for sound reasons decrees of the surrogates will not be vacated. (*Matter of Tilden*, 98 N. Y. 434; *Matter of Starbuck*, 221 App. Div. 702; affd., 248 N. Y. 555; *Matter of Brennan*, 251 id. 39; *Joseph* v. *Herzig*, 198 id. 456; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Illfelder*, 136 Misc. 430; affd., 232 App. Div. 740; *Matter of Gilford*, 155 Misc. 339; affd., 247 App. Div. 782; *Matter of Morath*, 125 Misc. 505; *Matter of Morrison*, 160 id. 261; *Matter of Young*, Id. 344; *Matter of Marsullo*, Id. 148; *Matter of Kern*, 159 id. 682.) In the proper case, where clerical error or inadvertence, or where fraud, collusion or unwarranted imposition has been established, the surrogate may, under the statute, correct, modify or vacate a decree. (Surr. Ct. Act, § 20, subd. 6; *Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513; *Matter of Robertson*, 51 App. Div. 117; affd., 165 N. Y. 675; *Matter of Henderson*, 157 id. 423; *Morgan* v. *Cowie*, 49 App. Div. 612; *Matter of Earle*, 74 id. 458; *Matter of Willets*, 119 id. 119; affd., 190 N. Y. 527; *Matter of Flynn*, 136 id. 287; *Matter of Wechsler*, 152 Misc. 564.) But where default in appearing or answering has occurred, not through oversight, but by the deliberate neglect or laches of the party served with process, as here, the passage of approximately nine years since such default is, in itself, sufficient ground for denial of the application. (*Matter of Griffin*, 210 App. Div. 564; *Matter of Morath*, 125 Misc. 505; *Matter of Illfelder*, 136 id. 430.)

Nor does it appear that if the decree were reopened the petitioner in this proceeding would be successful in her present contentions. She states in her petition that she was without information as to the acts and conduct of the executors in the administration of the estate; that she has just been advised by her brother, William F. Heine, who was a coexecutor of the estate, that a claim for dower in certain real property left by the testator had been made by his widow and had been improperly allowed and paid to her, and further that there were found among the contents of the testator's safe deposit box in the vault of the Commonwealth Bank in the city of New York, certain Erie railroad bonds of the value of $2,000 for which the executors did not account, but which were turned over to the widow upon her claim of ownership to them. The petitioner further alleges that although her brother, William F. Heine, was an executor and trustee, he was never in actual possession of any

part of the property of the estate and was not one of the accounting executors, and that not until recently, with the aid of new counsel, did he ascertain the facts concerning the alleged unlawful payment or retention by the widow of her dower and of the existence of the bonds not accounted for. It is denied that he was not fully informed or aware of the acts and conduct of his coexecutors in respect of the widow's claim to dower and to the ownership of the bonds in question. Although he was not an accounting party, he, nevertheless, consented, through his attorney, after an amicable adjustment of certain items in the account, to the entry of the decree settling the account here sought to be vacated and waived notice of settlement thereof. It definitely appears also, from the papers submitted upon this application, that William F. Heine kept his sister, the petitioner, fully informed as to all acts of the executors and of the status of the estate. There is also strong indication in the papers that the brother of the petitioner is the real party in interest in the present application and is attempting to use his sister to reopen a decree to which he consented. It would seem that this proceeding to reopen the decree on accounting was instituted at the suggestion and instigation of the petitioner's brother, William F. Heine, because of the apparent differences and difficulties which have arisen between him and his coexecutors and cotrustees.

Moreover, the determination as to whether the provisions in the will for the benefit of the widow were in lieu of, or in addition to dower, involved a pure question of law, which was reviewable only by the appellate courts upon an appeal properly taken from the decree of the surrogate. (*Matter of Putnam*, 220 App. Div. 34, at p. 37.) No appeal was taken from that decree and the time to do so has long since expired. As to the two Erie railroad bonds, it clearly appears that in the transfer tax proceeding in this estate, the claim of the widow to such bonds was asserted by her and her ownership therein supported by the affidavit of Gustave J. Dohrenwend, one of the executors and trustees of the estate, who has since died. Whether the claim of the widow was in the nature of a personal claim against the estate, or whether it was the assertion of the right to property ostensibly in the possession of the decedent but actually belonging to the widow, ample opportunity was afforded to the petitioner and to her brother, William F. Heine, to investigate the widow's right to such bonds and to complain of the retention by her of them in the accounting proceeding. Not the slightest indication of the suppression of facts, or fraud, or collusion, or unwarranted imposition in this estate has been shown. The petitioner cannot stand idly by for so many years and, after the

death of the very person whose testimony might be so essential to the corroboration of the claim of the widow, come in and seek to open a binding decree of this court without presenting facts which would justify the court in relieving her from her default. It is for the very purpose of preventing possible miscarriage of justice where witnesses by reason of the lapse of years have died that a decree of the surrogate, validly made, must be safeguarded and finality to the proceeding in which it was made assured. I hold that the petitioner is precluded and estopped by her laches and by her other conduct in the estate from questioning the correctness of the decree. (*Matter of Griffin, supra; Matter of Gilford, supra; Matter of Illfelder, supra.*)

Submit order on notice denying the application accordingly.