In the Matter of the Estate of GEORGE HAHN, Deceased.

Surrogate's Court, New York County, April 10, 1937.

*Herbert J. Deitz*, for the petitioner, Sadye Fishel.

*Alice Dillingham*, special guardian.

*Leon Forst*, for the sole surviving trustee, Alfred Hahn.

FOLEY, S. It has been clearly established by the evidence that the petitioner was fully informed in February, 1937, before the entry of the decree sought to be vacated, as to her liability to the estate and her rights in the accounting proceeding. The agreement of March 17, 1917, executed by her, I hold constituted a valid admission of her debt and a valid promise to pay. It was legally enforcible against her. Having been executed under seal, the twenty-year period of limitation applied, and the claim of the estate was not barred by the statute at the time of the entry of the decree of 1937, which fixed the liability of the debtor and the rights of all parties interested in the estate.

I am also of the opinion, since neither the six-year period nor the twenty-year period of limitation had elapsed at the date of the death of the decedent, that at that instant her debt constituted a valid setoff, both in equity and in law, against the remainder interest of the petitioner. Under this theory of the case, the rights of the parties became fixed as of the date of death and the running of the statute was terminated. (*Matter of Bogart*, 28 Hun, 466.) Here the period of the statute had not run at the time of death. The case, therefore, is distinguishable from the line of cases which hold that where the statute had run at the time of death and the debt was not enforcible, it could not be deducted from a legacy or a remainder interest due to the debtor. (*Kimball* v. *Scribner*, 174 App. Div. 845, and cases cited therein.)

It has also been established that the decree, dated March 14, 1923, judicially settling the prior account, was conclusive upon the petitioner as to the debt due from her to the estate. She has failed to establish any valid ground under section 20, subdivision 6, of the Surrogate's Court Act, for the vacatur of the decree dated March 3, 1937, settling the last account of the trustee. (*Matter of Gilford*, 155 Misc. 339; affd., 247 App. Div. 782; *Matter of Illfelder*, 136 Misc. 430; affd., 232 App. Div. 740; *Matter of Volkenberg*, 160 Misc. 257; *Matter of Tilden*, 98 N. Y. 434; *Matter of Hawley*, 100 id. 206; *Matter of Sielcken*, 162 Misc. 54.)

Submit order on notice denying the application to vacate the decree.