In the Matter of the Estate of EDWIN S. CHAPIN, Deceased.

Surrogate's Court, New York County, June 30, 1939.  ·

*Shearman & Sterling [Gerard T. Shevlin* of counsel], for the trustee.

*Thomas McErlean,* for the objectants.

FOLEY, S.  The application to dismiss the objections filed to the account of the sole surviving trustee is granted.  The principal objection relates to an investment made by the original trustees on May 8, 1905, in a $25,000 participation in a bond and mortgage. In 1937, the present sole surviving trustee and the executors of the estates of two deceased trustees instituted an action in the Supreme Court for New York county for the judicial settlement of the accounts of the trustees from the date of decedent's death on

October 10, 1901, to July 27, 1935. All persons then having any interest whatsoever in the trust were made parties-defendants in the action. The investment was set forth in the account with sufficient particularity to apprise the persons interested in the estate as to the nature of it. Its legality or regularity was not challenged in that action, although certain other investments, which were attacked, were held to be illegal and surcharges directed. An appeal was taken from the judgment of the Supreme Court settling the account. The Appellate Division reversed the lower court as to the surcharges and eliminated them. Pending the entry of a judgment of reversal upon the decision of the Appellate Division, the life beneficiary of the trust died leaving a will wherein she exercised the power of appointment granted to her by the testator, in favor of the residuary legatees of her own will. Two of the residuary legatees, the objectants herein, were substituted on motion as parties upon the appeal. They thereupon moved in the Appellate Division for a reargument of the appeal and further asked to have the case referred to a referee to take further proof as to the legality of the investment by the trustees in the participation in the bond and mortgage above referred to. The application for reargument was denied by the Appellate Division. The present objections in the pending accounting involve the same subject matter.

The validity or propriety of the original mortgage investment, or of the conduct of the trustees during the period of the prior accounting, was concluded by the judgment of the Supreme Court which judicially settled the account and which was affirmed by the Appellate Division. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Hull* v. *Hull*, 225 id. 342.) The present objectants and the other residuary legatees under the will of the life beneficiary of the trust, upon her death, succeeded, by virtue of the exercise of the power of appointment in their favor, to all of the interests of the presumptive remaindermen who were parties-defendants in the Supreme Court action. Because of such privity of interests, the judgment of the Supreme Court is *res adjudicata* as to them and they are concluded by the judgment with the same effect as if they were parties to the action. (*Mead* v. *Mitchell*, 17 N. Y. 210; *Tonnele* v. *Wetmore*, 195 id. 436; *O'Leary* v. *Grant*, 155 Misc. 98.)

The objectants therefore may not relitigate in the present accounting proceeding issues which should have been properly raised, tried and determined in the Supreme Court. They are estopped from questioning the legality or regularity of the investment at this time. (*Matter of Garvin*, 256 N. Y. 518; *Matter of Niles*, 113 id. 547; *Matter of Volkenberg*, 160 Misc. 257; affd., 251

App. Div. 800; *Matter of Gilford*, 155 Misc. 339; affd., 247 App. Div. 782; *Matter of Sielcken*, 162 Misc. 54; *Matter of Illfelder*, 136 id. 430.)

The cases of *Matter of Long Island L. & T. Co.* (*Garretson*) (92 App. Div. 1; affd., 179 N. Y. 520) and *Matter of Schmidt* (163 Misc. 610) are not authority for the relief sought by the objectants. In each of those cases the acts and conduct of the trustees constituted a breach of trust. Here, clearly, no charge of breach of trust by the trustee is involved.

Objections were also filed to the calculations of the trustee's commissions as shown in Schedule H of the account. The application to dismiss these objections is also granted. The question of commissions is a matter which is reserved for determination upon the settlement of the decree.

Submit order on notice dismissing all of the objections to the account accordingly.