■ In the Matter of the Estate of Anna Kauffman, Deceased. (Appeal No. 1.)—Decree unanimously affirmed, with costs. Memorandum: Petitioner sought to vacate a decree of the Surrogate's Court of Monroe County discharging the respondent executrices from liability on the grounds that the decree was fraudulently obtained. He claimed that as attorney of record and a creditor of the estate he was entitled to notice of the discharge proceedings, that the respondents also failed to give proper notice to certain distributees, and that the respondents submitted low valuations of real property assets of the estate in order to avoid Federal estate taxes. Although the Surrogate's Court has the inherent power to vacate its own decrees on the grounds of fraud *(Matter of Brennan,* 251 NY 39; *Matter of Regan,* 167 NY 338; see, generally, 25 Carmody-Wait 2d, § 149:345), the moving party must fulfill his burden of proof by establishing sufficient facts from which the court can determine that a fraud has been committed *(Matter of Griffin,* 210 App Div 564; *Matter of Sandow,* 25 Misc 2d 356, 358-359, affd 13 AD2d 451). Petitioner has not established that he was either the attorney for the estate in the Surrogate's Court proceeding or that he was a creditor of the estate and thus entitled to notice of the discharge proceedings. Although petitioner was retained to marshal certain assets of the estate, there is no proof that he was authorized to handle any other proceeding for the estate and the petition for probate did not name him as attorney of record. Furthermore, following completion of his services to the estate, petitioner did not submit any bill for his work, and upon receipt of

the alleged partial payment from the estate, failed to assert any claim for additional compensation. Petitioner did not raise the issue until approximately four years after he last worked for the estate and thus, even if he could now justify this claim, it would be barred by the doctrine of laches (*Matter of White,* 182 Misc 223, affd 268 App Div 759). Similarly, petitioner has presented no proof in support of his allegations of fraud with respect to the estate tax valuations and the issue of notice to the distributees. Absent this proof, the decree may not be vacated. We have examined petitioner's allegations of error relating to the October 2, 1975 order of the Surrogate's Court wherein he had sought to amend his petition and to incorporate a memorandum of facts and law into his moving papers. In light of our holding that the decree of discharge was proper, we find these allegations to be without merit. (Appeal from decree of Monroe County Surrogate's Court —vacate decree.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.