In the Matter of the Estate of HENRY C. WEST, Deceased.

Surrogate's Court, New York County, February 1, 1941.

*Mitchell, Taylor, Capron & Marsh,* for the City Bank Farmers Trust Company, as trustee.

*Larkin, Rathbone & Perry,* for Emma M. West, widow and life beneficiary.

*Butler, Wycoff & Reid,* for Elizabeth Frances Jones, contingent remainderman, and Marie Elizabeth West Jones, survivor.

*Gerald P. Culkin,* special guardian of three infant contingent remaindermen of trust.

FOLEY, S.    Among the issues involved in this accounting proceeding, there has arisen a question of the construction of article fifth of the will.    By that article the testator gave his residuary estate to his trustee in trust " to apply the net income from said estate to the use of my wife, Emma M. West, during the term of her natural life, or until she shall remarry; provided, however, that during the life of my said wife, Emma M. West, but not after her death, there shall be first applied out of the said net income the sum of one hundred dollars ($100) per month to the use of my brother, Zimri West.    If my said wife shall remarry, the aforesaid payment to my said brother shall continue to be made as long as my said wife lives."

The life tenant, Mrs. West, is still living and has not remarried. The brother, Zimri West, has died.    The question to be determined is whether the entire income of the trust, including the

payments of $100 per month to the brother, should be paid to Mrs. West or whether such monthly payments of $100 should now be made to the persons presumptively entitled to the next eventual estate. The present presumptive remaindermen are a nephew and a niece, the children of Zimri West. The testator directed that upon the death or remarriage of Mrs. West, his trustee should set aside $30,000 out of the residuary estate, in trust, for his nephew, Zimri West, 3d, during his life and to hold the balance of the residuary estate in trust for his niece, Marie Elizabeth West Jones, during her life, with remainders over of the respective shares held for each of these beneficiaries. It is contended by these secondary life beneficiaries that, as presumptive remaindermen, there should now be paid over to them the monthly payments of $100 until the termination of the trust. This contention, however, is in direct conflict with the clearly expressed indication of intent in the will. The direction of the testator was " to apply the net income " from the residuary estate to the use of the testator's wife during the term of her natural life or until she shall remarry. She was without doubt the primary object of her husband's bounty. The words " net income from my estate " contemplated all the income of the trust. The payment of such income, however, was provisioned during her lifetime, but not after her death, upon the application, out of the income, of the sum of $100 per month to the use of the testator's brother, Zimri West. The payment of $100 to the brother was a first lien each month against the net income and clearly was intended to be applied only during the brother's lifetime. No mention to the effect that the payments were to continue beyond his life is contained in the will. They were to be applied solely to his use. Clearly income could not be applied to the use of a person who is deceased. The death of Zimri West before Mrs. West released the net income of the trust from the charge of these monthly payments. The surviving widow thereupon became entitled to have the entire income applied to her use.

*Matter of Ossman* v. *Von Roemer* (221 N. Y. 381), cited as authority for the contention that the persons presumptively entitled to the next eventual estate should receive the monthly payments of $100 until the termination of the trust, is inapplicable and readily distinguishable from the language of the will here. In that case a trust of the residuary estate was created, measured by the life of the testator's wife. He bequeathed one-third of the income of the trust to his wife and gave two-ninths of the income of the trust to a daughter, Susan Weber, during the life of his wife, with provision that after the death of the wife the daughter should have a one-third interest for life with the remainder to her issue. The

daughter predeceased her mother. The court there held that the entire scheme of the will revealed an intention that the children of the daughter should be substituted as her successors in interest upon her death, and that they, therefore, took as persons presumptively entitled to the next eventual estate. That situation is not here, however. There the widow of the testator was entitled during her lifetime only to one-third of the income of the trust, and no more. This she received. Here the widow was entitled to all the net income, subject only to the charge of $100 each month for the use of the testator's brother. Upon the death of the brother the necessity for the bounty intended to accrue to him no longer existed and the lien which attached against the income naturally was terminated.

The remaining issues involving mortgage salvage operations set forth in the account of the trustee will be reserved for determination by separate decision. (See 175 Misc. 1044.)

If, desirable, an interim decree may be submitted on notice construing the will in accordance herewith.