In the Matter of the Estate of ALEX ALEXANDROFF, Deceased. CHARLES RECHT, as Attorney in Fact and at Law for GALINA M. KOSOPLETSHEVA and Another, Petitioner; JAMES F. EGAN, Public Administrator of the County of New York, Respondent.

Surrogate's Court, New York County, March 8, 1944.

*Joseph A. Cox* for respondent.

*Charles Recht,* petitioner in person.

FOLEY, S. By prior decision herein (N. Y. L. J., Jan. 18, 1944, p. 220, col. 2) a motion to dismiss the proceeding brought by the petitioner for the payment to him as attorney in fact for two sisters, next of kin of the decedent, of moneys deposited to their credit in the City treasury under a decree of this court settling the account of the Public Administrator, dated December 28, 1942, was granted unless a proper petition was served and filed within thirty days showing changes or new circumstances claimed to have occurred since the original decree was made. The moneys found to be due these next of kin were directed to be deposited, pursuant to section 269 of the Surrogate's Court Act, because of the finding by the Surrogate under the terms of that section that the distributees would not have the benefit or use or control of the funds.

The petitioner has now filed an amended petition which attempts to supply the omissions in the original petition. The Public Administrator has moved to dismiss it as insufficient in law in that it fails to comply with the terms and directions contained in my prior decision. The motion is granted. No

offer of proof of new facts is contained in the amended petition, nor are there any altered conditions or circumstances disclosed to justify the present payment of the funds to the beneficiaries.

In substance, the amended petition recites by way of " alleged new facts " that (1) the petitioner communicated by letter dated April 1, 1943, with his associates abroad informing them that the shares of the distributees were deposited with the City Treasurer because the Surrogate's Court applied to the case the decision rendered in *Matter of Bold* (173 Misc. 545) and " demanded that we submit proofs that the heirs  *  *  * will receive full use and benefit when the legacies will be paid to them "; and (2) that the petitioner received certain cable communications from his associates abroad inquiring as to why the shares of the distributees had not been remitted and what steps were being taken to effect transmission to them.

By way of " changes or new circumstances " alleged to have arisen, the petitioner recites the issuance to the petitioner of what purports to be a certificate signed by a representative of an embassy in the United States, dated January 13, 1943 (approximately two weeks after the entry of the decree herein), certifying that distributees have the benefit, use and control of the money or other property due them. The petition further alleges that on June 2, 1943, the petitioner addressed a letter to the United States Department of State, of Washington, D. C., requesting an expression by the State Department in substance that " it is not the policy of the Department to look with disfavor upon such transmission to residents " in the foreign country. The petitioner says that he received a reply, dated June 25, 1943, advising him that it had no objection to the transmission to the foreign beneficiaries of such shares, subject, of course, to any license which may be required from the Secretary of the Treasury, but calling attention to the fact that in the absence of applicable treaty provision, the rights of the foreign nationals " with respect to *estates in this country would depend upon the applicable provisions of the appropriate law of the State in which the property is situated.*" (Italics supplied.)

The petitioner also attacks the original decree requiring the deposit as contrary to the provisions and intendment of section 269 of the Surrogate's Court Act, and as violating the due process of law clauses of the State and Federal Constitutions. He also contends that the statute (Surrogate's Ct. Act, § 269)

is invalid and unconstitutional as an attempt by the State of New York thereby to enter the field of foreign relations.

As I pointed out in my prior decision (N. Y. L. J., Jan. 18, 1944, p. 220, col. 2), a release of the funds to the distributees would require a modification of the decree of December 28, 1942, upon the grounds set forth in subdivision 6 of section 20 of the Surrogate's Court Act. The petitioner in his amended petition has entirely failed to meet the requirements of that section. No statutory ground for modification has been alleged. No new facts or newly discovered evidence not available on the trial of the original issues have been presented. (*Collins* v. *Central Trust Co. of Rochester,* 226 App. Div. 486; *Matter of Sielcken,* 162 Misc. 54, 64.) The communications between the petitioner and his associates abroad do not constitute such new facts or newly discovered evidence. They amount to nothing more than a renewed demand for transmission upon the original facts.

The petitioner's own recognition that the burden was upon him to submit satisfactory proof that the beneficiaries would receive the full use and benefit of their distributive shares is clearly evidenced by his letter to his associates abroad. He willingly accepted the determination of the Surrogate and therefore did not appeal from the decree of the Surrogate directing the deposit. His failure to do so estops him from obtaining the relief he seeks here. " A solemn decree of the court should not be lightly or arbitrarily set aside at the instance of a party who has not availed himself of the right of review provided for in the statutes." (*Matter of Evans,* 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.) The time to appeal has long since expired and the decree is *res judicata.* (*Hochster* v. *City Bank Farmers Trust Co.,* 260 App. Div. 712, unanimously affd. 288 N. Y. 588; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Matter of Hawley,* 100 N. Y. 206; *Matter of Evans, supra; Matter of Gilford,* 155 Misc. 339, affd. 247 App. Div. 782.)

Nor have any changes or new circumstances been shown to have arisen since the entry of the decree. The so-called certificate of the representative of the foreign country may be regarded merely as an expression of opinion without corroborative effect as to its statutes or laws. If it is intended as evidence as to the rights of the distributees, it could have been produced and offered at the trial and certainly prior to the entry of the decree. It is without effect upon this application because of the conclusiveness of the decree.

Similarly the present belated allegations that the decree was contrary to the provisions of law and that it violated the constitutional rights of the distributees, are not issues which the petitioner can now raise since the decree is final and conclusive as to all matters embraced in it. (Surrogate's Ct. Act, §§ 80, 274; *Matter of Malloy,* 278 N. Y. 429; *Hochster* v. *City Bank Farmers Trust Co., supra; Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., supra; Matter of Hawley, supra; Matter of Evans, supra; Matter of Gilford, supra.*) The power of the Surrogate to direct the deposit under section 269 of the Surrogate's Court Act, was not challenged or even raised upon the original trial of the proceedings. No claim of the unconstitutionality of the statute was asserted. The petitioner acquiesced in the decree. He is now attempting to change the form of that decree by raising issues which he could have raised but did not see fit to raise then. "The parties, being of full age, could enter into a stipulation or bind themselves by acquiescence. * * * 'They may stipulate away statutory, and even constitutional rights.' (*Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447, 453.)" (*Matter of Malloy,* 278 N. Y. 429, 433.)

To paraphrase the statement made by me in *Matter of Sielcken* (162 Misc. 54 *supra*), a newly discovered theory of recovery contrived by an ingenious attorney is not newly discovered evidence.

Even if there were any error of law, and there was none, in my original determination, upon which the decree was based, its finality and conclusiveness could not be affected. (*Matter of Wollman,* 172 Misc. 460, affd. 259 App. Div. 991, motion for leave to appeal denied 284 N. Y. 821, and cases cited therein; *Matter of Grier,* 178 Misc. 512.) "Neither error nor invalidity, whether constitutional or otherwise, entering into such determination would have changed the rule of finality." (*People ex rel. Internat. Salt Co.* v. *Graves,* 267 N. Y. 149, 154, citing *Matter of Hoople,* 179 N. Y. 308; *Second National Bank* v. *City of New York,* 213 N. Y. 457; *Liberty Bank of Buffalo* v. *City of Buffalo,* 241 App. Div. 323, affd. 265 N. Y. 543; *Gorham Mfg. Co.* v. *Tax Comm.,* 266 U. S. 265; *Fourth Atlantic Nat. Bank* v. *City of Boston,* 300 F. 29; *Wheatland* v. *Boston,* 202 Mass. 258.)

It should be noted, however, as indicated by our State Department at Washington, D. C., in its letter to the petitioner above referred to, that the rights of foreign nationals with respect to estates in this country are dependent upon the provisions of law of the State in which the property is situated. These **rights have not only been recognized by our State Depart-**

ment, but have been directly determined by the Supreme Court of the United States. In *Irving Trust Co.* v. *Day* (314 U. S. 556, 562, affg. *Matter of McGlone,* 284 N. Y. 527, which revd. 258 App. Div. 596 and affd. 171 Misc. 612), Mr. Justice JACKSON stated: " Rights of succession to the property of a deceased, whether by will or by intestacy, are of statutory creation, and the dead hand rules succession only by sufferance. Nothing in the Federal Constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction. *Mager* v. *Grima,* 8 How. 490; *United States* v. *Fox,* 94 U. S. 315; *United States* v. *Perkins,* 163 U. S. 625; cf. *Randall* v. *Kreiger,* 23 Wall. 137, 148."

That case was cited and followed in *Demorest* v. *City Bank Co.* (321 U. S. 36, affg. *Matter of West,* 289 N. Y. 423, which affd. 264 App. Div. 701 and 175 Misc. 1042.) Mr. Justice JACKSON there restated the rule that " rights to succession by will are created by the state and may be limited, conditioned, or abolished by it."

I hold further that the claim of unconstitutionality is frivolous in the face of the certification of Secretary of State Cordell Hull, which was one of the conclusive grounds for the decision in *Matter of Bold* (173 Misc. 545, *supra*), that there is no treaty in force between the United States and the country of which the distributees are nationals. The decedent here was a resident of the State of New York. In the absence of an actual treaty, the statutes of our State governing succession and distribution are exclusively controlling. No question of foreign relations is here involved. We are concerned purely with a matter of local jurisdiction and local law and of the exercise of judicial discretion created by that law.

The Surrogate holds that no changes or new circumstances have been shown which would warrant the modification of the decree or the granting of the relief prayed for. The proceeding is therefore dismissed.

Submit order on notice accordingly.