In the Matter of the Accounting of John J. Keyes, as Executor of Theodore R. Adler, Deceased.

Surrogate's Court, Kings County, December 22, 1949.

*Charles Recht,* in person, *Philip Adler* and *Jacob Lefkowitz* for Charles Recht, as attorney in fact for Latvian legatees, petitioner.

: *Arthur Cooperman* for Frances L. Keyes, as executrix of John J. Keyes, deceased executor of Theodore R. Adler, deceased, respondent.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), for the People of the State of New York and another, respondents.

*Thomas J. Snee* for William V. Elliott, as Public Administrator of Kings County, respondent.

*Robert H. Law, Jr.,* for the Latvian Legation, respondent.

McGAREY, S. This is an application for an order to withdraw moneys from the city treasurer's office deposited by a decree of this court to the credit of Latvian citizens.

Section 32-a of the Personal Property Law provides: " Every power of attorney relating to an interest in a decedent's estate and every conveyance and assignment of an interest in an estate and every other similar instrument containing an expressed or implied authorization or delegation of power to act thereunder shall be in writing *and shall be acknowledged or proved in the manner required to entitle conveyances of real property to be recorded * * *.* No attorney in fact named in any such power of attorney or in any such other instrument nor any person acting thereunder shall perform any act thereunder unless the same has been *duly* recorded." (Emphasis supplied.)

Section 301 of the Real Property Law provides before whom acknowledgments and proofs may be taken in a foreign country. Section 301-a reads in part as follows: " The acknowledgment or proof, if taken in the manner prescribed by the laws of such foreign country, must be accompanied by a certificate to the effect that it conforms with such laws. Such certificate may be made by * * * (c) *A consular officer of such foreign country, resident in the state of New York, under the seal of his office * * *.*" (Emphasis supplied.)

Subdivision 2 of section 311 of the Real Property Law sets forth the requirements of authentication when the certificate of acknowledgment or proof is made by a notary public in a foreign country and section 312 of the Real Property Law provides for the contents of such certificate.

The powers of attorney in question have been signed before the senior notary of the First Riga Notarial Office, located in the city of Riga. The authenticity of his signature and the impression of his seal have been certified by the Chief of the Notarial Department of the Ministry for Justice of the Latvian Soviet

Socialist Republic. In turn the Consular Department of the Ministry for Foreign Affairs of the Union of Soviet Socialist Republics certifies the authenticity of the signature of the Chief of the Notarial Department of the Ministry for Justice of the Latvian Soviet Socialist Republic.

Annexed to these powers is a certificate by the Vice Consul General of the Union of Soviet Socialist Republics, then a resident in the State of New York, under his hand and the seal of his office certifying *that the powers have been acknowledged, certified and authenticated in conformity with the laws and statutes of the Union of Soviet Socialist Republics.* (Emphasis supplied.)

The certificates of the Secretary of State disclose that the United States does not recognize the Soviet regime in Latvia, nor the incorporation of that country into the Union of Soviet Socialist Republics, nor the legality of any of the acts or decrees of that regime.

Examining the powers in the light of the foregoing statutes the court determines there has been no actual or substantial compliance in the acknowledgment or proof of the powers as is required by the laws of the State of New York.

First, if the authentication of the acknowledgment of the powers is considered pursuant to paragraph (c) of subdivision 1 of section 301-a of the Real Property Law the certificate of conformity is made by a vice consul of the Soviet Union and states that the authentication is in conformity with the laws and statutes of the Union of Soviet Socialist Republics. The question presented is not whether the acknowledgment conforms to the laws of the Soviet Union but whether it conforms to the laws of Latvia. The certificate of the Soviet official cannot be substituted for the requirement of the New York statute that the certificate must be made by the consular officer of the foreign country involved.

Second, if the execution is considered under subdivision 2 of section 311 of the Real Property Law it has not been demonstrated that the authenticating officer comes within the purview of the officials designated by this section nor that the contents comply with section 312.

The case of *The Denny* (127 F. 2d 404, [1942]) cited by the petitioner as to the validity of powers of attorney must be considered in connection with the requirements of section 32-a of the Personal Property Law. That court in considering the power in *The Denny* case (*supra*) stated (p. 408): " There is no federal statute prescribing the mode of acknowledgment

and authentication of a written instrument so as to authorize its admission in evidence in a court of admiralty.'' Inasmuch as the statutes of New York prescribe the manner for acknowledgment and authentication of such instruments the authority of this case is readily distinguishable.

A further question arises as to acts of officials of an unrecognized regime. In the case of *Latvian State Cargo & Passenger S. S. Line* v. *Clark* (80 F. Supp. 683, 684) decided November 4, 1948, the court wrote: '' Questions of the recognition or nonrecognition of foreign governments are beyond the reach of the courts. They are committed exclusively to the political departments of government, and the courts are bound by its decisions thereon. This rule is equally applicable to de jure or de facto recognition. Guaranty Trust Co. of New York v. United States, 304 U. S. 126, 137, 138, 58 S. Ct. 785, 82 L. Ed. 1224. Lehigh Valley R. R. Co. v. State of Russia, 2 Cir., 21 F. 2d 396. As a corollary of this principle, a court may not give effect to an act of an unrecognized government, for by so doing it would tacitly recognize the government, invade the domain of the political department, and weaken its position.'' If, therefore, the court may not give effect to an act of an unrecognized Government, it may not give effect to an act of an official acting in behalf of that regime.

As the powers of attorney are neither *duly* executed nor recorded and as the rights of the attorney in fact flow through such instruments and in view of the declared national policy of the United States respecting the nonrecognition of the acts of the regime in the Baltic States this application is denied.

Proceed accordingly.