In the Matter of the Accounting of CARL BEST et al., as Temporary Administrators of the Estate of PHILIP BEST, Deceased.

Surrogate's Court, New York County, July 3, 1951.

*Jack Klaw* and *Sidney Naishtat* for temporary administrators, petitioners.

*Charles Recht,* respondent in person, and as attorney in fact for Esther Beckerman and others, respondents.

*Albert J. Hiers* for New Amsterdam Casualty Company, respondent.

*Edward Goodell* for United Jewish Appeal of Greater New York, Inc., respondent.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), respondent, in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

FRANKENTHALER, S. Four distributees of this estate, nationals of the Soviet Union, have petitioned the court for payment of their shares through a duly appointed attorney in fact. Whether payment is to be made directly to the distributees or to the city treasury, pursuant to section 269 of the Surrogate's Court Act, depends upon the capacity of the petitioners to receive and use the funds transmitted (*Matter of Yee Yoke Ban,* 200 Misc. ——). While it had previously been held that Russian nationals were in a position to enjoy the benefit of their distributive shares (e.g., *Matter of Alexandroff,* 61 N. Y. S. 2d 866), the official policy of the United States Government has since changed. On February 27, 1951, the Treasury Department pro-

mulgated a regulation declaring that, as to nationals of the Union of Soviet Socialist Republics, "there is not a reasonable assurance that a payee in those areas will actually receive checks or warrants drawn against funds of the United States" and ordering that delivery of such checks and warrants be withheld (16 Federal Register 1818). In these circumstances, the court directs that the distributive shares of the petitioners herein be paid into the city treasury (*Matter of Thomae*, 199 Misc. 940; *Matter of Geffen*, 199 Misc. 756).

The compensation of the attorney in fact has been fixed in the sum of $400 plus $8.90 disbursements, to be paid proportionately from the shares of the foreign distributees.

Submit decree on notice settling the account accordingly.