In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of the County of New York, as Administrator of the Estate of YEE YOKE BAN, Deceased.

Surrogate's Court, New York County, July 3, 1951.

*Joseph A. Cox* for administrator, petitioner.

*Nordlinger, Riegelman & Benetar* for P. H. Chang, Consul General of Republic of China at New York, on behalf of Yee Mark Shee and others, nonresident aliens and nationals of the Republic of China, respondent.

FRANKENTHALER, S. The Consul General of the Republic of China requests delivery to him of the distributive shares payable to aliens presently resident in China. The Public Administrator, in opposition, asks that payment be made into the city treasury pursuant to section 269 of the Surrogate's Court Act. That section empowers the court to withhold payment

where the distributees '' would not have the benefit or use or control of the money \* \* \* or where other special circumstances make it appear desirable ''. The question raised herein is whether payment under section 269 is permissible in light of the treaty between the United States and the Republic of China.

It has been held that if the foreign legatees or distributees would not have the benefit of the gifts to them, the court would direct payment into the city treasury pursuant to section 269 (*Matter of Bold,* 173 Misc. 545; *Matter of Landau,* 172 Misc. 651, mod. 187 Misc. 925). Moreover, proof that the distributees will not have the benefit of the property is sufficient to warrant the court in withholding payment to the nonresident distributees despite the existence of a treaty authorizing payment to the foreign consul (*Matter of Weidberg,* 172 Misc. 524; *Matter of Plemich,* 176 Misc. 560.) In both *Matter of Blasi* (172 Misc. 587) and *Matter of Alexandroff* (61 N. Y. S. 2d 866, modfg. 183 Misc. 95, modfg. 46 N. Y. S. 2d 928), where the court directed payment to the foreign consul, it was found that the legatees would, in fact, have the benefit, use and control of the property.

With respect to checks and warrants drawn against funds of the United States in favor of nationals of the Russian '' bloc '' nations, the Treasury Department has ruled that since '' there is not a reasonable assurance that a payee in those areas will actually receive '' payment, delivery will be withheld (16 Federal Register 1818, amdg. Code of Fed. Reg., tit. 31, § 211.3 subd. [a]; *Matter of Thomae,* 199 Misc. 940; *Matter of Geffen,* 199 Misc. 756) despite the existence of treaties between the United States and some of these countries.

In this case, the Consul General relies upon the most-favored-nation clause of the treaty between the Republic of China and the United States which makes applicable any pertinent provision in other United States treaties. The provision thus invoked reads as follows: '' A consular officer of either High Contracting Party may in behalf of his non-resident countrymen receipt for their distributive shares derived from estates in process of probate \* \* \* provided he remit any funds so received through the appropriate agencies of his Government to the proper distributees and provided further that he furnish to the authority or agency making distribution through him reasonable evidence of such remission.'' (See *Matter of Blasi, supra,* p. 589.) No evidence has been presented to the court concerning the possibility of transmitting the funds to China, and by executive order unlicensed payments to nationals

of China and North Korea have been prohibited (Executive Order No. 9193).

The court will take judicial notice of the fact that the mainland of China is controlled by the Communist Government, which has not been recognized by the United States Government, and that the sovereignty of the Republic of China extends only to the island of Formosa. Hence, it will be impossible for the consul to transmit these funds to the proper distributees. In these circumstances, the shares of the nonresident aliens will be paid into the city treasury.

Submit decree on notice settling the account accordingly.