In the Matter of the Accounting of HYMAN WANK, Public Administrator of Kings County, as Administrator of the Estate of WONG HOEN, Deceased.

Surrogate's Court, Kings County, August 16, 1951.

*Daniel G. Connolly* for administrator, petitioner.

*Simon J. Hauser* and *Eli M. Katz* for P. H. Chang, Consul General for the Republic of China at New York, respondent.

*Gladys M. Dorman,* special guardian for Wang Fu Chin, an infant, respondent.

*Hong Fong,* attorney in fact for Cheng Shee and another, respondents.

RUBENSTEIN, S. The decedent herein died, intestate, leaving him surviving his widow and two sons, one of whom is an infant. The Public Administrator of Kings County has filed his account and a petition for its judicial settlement and a decree settling the account has been submitted. All of the distributees are residents in and nationals of the Republic of China. The widow and adult son appear in the proceeding by an attorney in fact. On the presentation of the decree settling the account the Consul General of the Republic of China appeared by his attorneys and demanded payment of the distributive share of the infant to him. This is opposed by the Public Administrator and the special guardian for the infant, who contend that the share of

the infant should be deposited with the city treasurer pursuant to the provisions of section 269 of the Surrogate's Court Act. The Consul General asserts that he is entitled to the payment of the distributive share due the national of his country pursuant to the provisions of the treaty between the United States and the Republic of China, relying on the most favored nation clause.

In *Matter of Weidberg* (172 Misc. 524, 531) deposit of moneys payable to nationals of Germany was directed to be made with the city treasurer, notwithstanding appearance on their behalf of the German Consul General and demand by him that the distributive shares of his nationals be paid to him on their behalf. The decision was predicated on the basis there was no demonstration that the German nationals would have the benefit or use or control of the funds (see, also, *Matter of Blasi,* 172 Misc. 587, and *Matter of Landau,* 172 Misc. 651).

Under date of April 17, 1951, the Treasury Department of the United States issued its circular No. 655, Supplement No. 8 (16 Federal Register 3479), amending subdivision (a) of section 211.3 of Department Circular No. 655, dated March 19, 1941 (Code of Fed. Reg. tit. 31, § 211.3, subd. [a]) as amended, determining that " postal, transportation, or banking facilities in general or local conditions in  *  *  *  Communist-controlled China  *  *  *  are such that there is not a reasonable assurance that a payee in those areas will actually receive checks or warrants drawn against funds of the United States, or agencies or instrumentalities thereof, and be able to negotiate the same for full value." There is no proof before the court that the Consul General will be able to transmit the funds to the infant or that he will be able to negotiate them for full value. The situation on the mainland of China is well known and the court takes judicial notice thereof. It is accordingly determined that the share in the estate of the infant distributee be deposited in the city treasury under the provisions of section 269 of the Surrogate's Court Act. (*Matter of Yee Yoke Ban,* 200 Misc. 499; *Matter of Best,* 200 Misc. 332; *Matter of Geffen,* 199 Misc. 756; *Matter of Thomae,* 199 Misc. 940.)

Since the Consul General of the Republic of China did not appear herein until the decree directing distribution was submitted for signature and the services of his attorneys were directed solely toward obtaining payment of the infant's share in the estate, in which they were unsuccessful, no compensation, payable out of the estate or the infant's funds will be awarded.

Submit decree, on notice, accordingly.