In the Matter of the Accounting of Ellis T. Terry, as Administrator of the Estate of Adam Getream, Deceased.

Surrogate's Court, Suffolk County, September 21, 1951.

*Wm. M. Burcher* for administrator, petitioner.

*Scheinberg & Wolf* for distributees.

HAZLETON, S. In this final accounting the decree submitted by the Public Administrator provides that moneys remaining in his hands be paid over to two designated attorneys in fact. The two distributees of the estate who reside in Hungary designated the attorneys in fact who reside within the United States. After the usual introductory words, the power of attorney authorizes the attorneys in fact " to satisfactorily care for the estate and/or utilize it ".

Concededly Hungary is one of the captive countries behind the Iron Curtain whose nationals are subject to those conditions of which the Western world is well aware. In view of these conditions, the United States Treasury Department has ruled that delivery of checks and drafts to payees within the Russian " bloc " nations will be withheld since one cannot be certain that the payees will receive payment (16 Federal Register 1818, amdg. Code of Fed. Reg., tit. 31, § 211, subd [a]). Since Hungary is a member of this bloc of communist captive countries, this court would consider sending money out of this country and into Hungary tantamount to putting funds within the grasp of the Communists. (*Matter of Yee Yoke Ban*, 200 Misc. 499.)

To circumvent this, there has been seized upon the clever device of having the national of the captive country, as in this proceeding, execute a power of attorney to a national of the United States, authorizing the attorney in fact to receive the moneys inherited by the one behind the Iron Curtain. Under such circumstances, could this court be confident that its order would not be defeated by the funds ultimately percolating in a roundabout way into the country behind the Iron Curtain? I am not sufficiently naïve to accept the assurance that this could not happen. According to the language of the power of attorney, the attorneys in fact would be permitted to " utilize " the funds. Century Dictionary defines the term " utilize ": " to put to use, turn to a profitable account." This court has no knowledge as to what either the distributees or their attorneys in fact might consider putting to a proper use or profitable account. Such terms could cover several possibilities that occur to the mind of this court and which I could not countenance. Whether payment is to be made directly to the distributees or to the County Treasurer, pursuant to section 269 of the Surrogate's Court Act, depends upon the capacity of the distributees to receive, use and enjoy the funds transmitted. (*Matter of Best*, 200 Misc. 332.) This court entertains grave doubt upon this point.

The safer course to pursue would be to pay these funds into the Surrogate's Court subject to special order of the Surrogate. There these funds can be safely kept until a time when this court can be reasonably certain that they will get into the hands of those rightly entitled to them and not possibly put to use against the United States.

Submit corrected decree accordingly.