In the Matter of the Accounting of MORTIMER I. ARONSON et al., as Executors of JACOB BRAUNSTEIN, Deceased.

Surrogate's Court, New York County, May 16, 1952.

*A. Louis Oresman* and *Sidney L. Freeman* for executors, petitioners.

*Charles Recht* and *Jacob Lefkowitz* for Gita Lurie and another, respondents.

*Nathaniel L. Goldstein, Attorney-General (P. Hodges Combier* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

FRANKENTHALER, S. The petition of the executors and their account state the post-office addresses of two of the residuary legatees to be in Lithuania. Service of citation upon these legatees was effected by publication and notices of appearance have been filed on their behalf by an attorney at law presuming to act under authority of recorded powers of attorney appointing him the attorney in fact of the legatees. The authority of the attorney in fact has been challenged by the executors.

Concededly one of the legatees resides in Lithuania. The purported power of attorney from her was executed in Lithuania before the senior notary of the Vilnius First State Notarial Office. The authenticity of the notary's signature is certified by the chief of the Notarial Section of the Ministry for Justice of the Lithuanian Soviet Socialistic Republic and that official's signature is certified by the chief of the Ministry for Foreign Affairs of the Union of Soviet Socialistic Republics. The chief of Consular Division of the Embassy of the Union of Soviet Socialistic Republics has certified that the power of attorney has been acknowledged, certified and authenticated in conformity with the laws of the Union of Soviet Socialistic Republics.

An analogous fact situation, involving a power of attorney originating in Latvia, was considered by Mr. Surrogate McGAREY in *Matter of Adler* (197 Misc. 104). In the cited case the Surrogate ruled that the power of attorney before him was not duly executed and that it had not conferred upon the person named

as attorney in fact any right which entitled him to recognition in the Surrogate's Court. The reasoning of the cited decision is fully applicable here. Inasmuch as the Government of the United States has not recognized the incorporation of either Latvia or Lithuania into the Soviet Union, the attempted authentication and certification of the instrument by an official of the Russian Government is not in compliance with the requirements of the statutes of this State.

The second legatee executed a power of attorney in White Russia, an area that was within the territorial limits of the Soviet Union before World War II. The instrument recites that the grantor resided at the place of execution. The authority of Soviet officials to act within the recognized geographical limits of their country is not disputed and consequently the power of attorney appears on its face to have been duly executed in a manner entitling it to recognition under the laws of New York. The attack upon the instrument is based upon the suggestion that the grantor may have been deported forcibly to Russia or may be restrained there in a labor camp or prison. Proof of the suggestion, insofar as the legatee is concerned, is wholly lacking. The nationality of the grantor is not material since the attorney in fact derives his authority from the instrument and he does not assert any authority as the representative of a government protecting the rights of its national.

The question as to the validity of the respective powers of attorney affect, in this proceeding, only the right of the attorney in fact to compensation pursuant to section 231-b of the Surrogate's Court Act since payment of either legacy will not be directed, but instead the amounts to which the legatees are entitled will be deposited into the city treasury for their respective benefits (Surrogate's Ct. Act, § 269; *Matter of Braier*, 108 N. Y. S. 2d 417, affd 279 App. Div. 1008; *Matter of Thomae*, 199 Misc. 940; *Matter of Geffen*, 199 Misc. 756; *Matter of Best*, 200 Misc. 332; *Matter of Getream*, 200 Misc. 543). Such deposit will be required in conformity with the cited authorities for the reason that if the payment to the legatees or their proper attorneys in fact were directed the legatees would not have the benefits of the legacies. Compensation can be awarded only for the services rendered under the valid power of attorney. In fixing the value of such services, consideration must be given to the fact that irrespective of any representation of the legatees in this proceeding, the court would direct the deposit of the legacies into the city treasury and thus the appearance of the attorney in fact does not affect

the present disposition of the legacies. The attorney in fact did render services in establishing the identity of his principal and in examining the account on the latter's behalf, and for such services the court fixes $1,000 as reasonable compensation (*Matter of Rysiakiewicz,* N. Y. L. J., April 11, 1952, p. 1459, col. 5).

Submit decree on notice settling the account.