In the Matter of the Estate of ANTONIA S. NIGGOL, Deceased.

Surrogate's Court, Suffolk County, September 12, 1952.

*P. A. Beck* for Johannes Kaiv, as Consul and Acting Consul General of Estonia, petitioner.

HAZLETON, S.   This is an application to withdraw funds belonging to nationals of a communist captive country.   At present, for safe keeping, the funds are on deposit with the County Treasurer of Suffolk County pursuant to an order of this court.

The petitioner was recognized by our State Department on April 19, 1939, as Consul of Estonia.   Formally, petitioner's position is not unique since he has been accorded full recognition *de jure* and *de facto*.   His position is unusual, however, since the Government which he represents does not exercise effective control over its territory at this time.   Petitioner is, of course, opposed to the control of his country by the Soviet Union, and he appears to act in the interests of the Republic of Estonia and not in the interests of the so-called Estonian Soviet Socialist Republic.   Thus, for instance, although petitioner might accept money in trust for a resident of Estonia, this court has no reason to believe that he may deliver such money so long as the owner is still in Estonia and present conditions prevail.

Petitioner prays that the funds now in care of the Treasurer of the County of Suffolk, pursuant to section 269 of the Surrogate's Court Act, be paid over and delivered to: Alice Niggol, at present a resident of Estonia, and to certain nonresident Estonian national refugees now enjoying sanctuary in the British Zone of Germany, the American Zone of Germany, Canada and New Mexico.   It is requested that payments to these unfortunate people be made not personally to them but " to the Estonian Consul on behalf of each of the distributees or, in the alternative, that the shares of only those persons outside of Estonia be paid unconditionally, and that the share belonging to Alice Niggol, who resides in Estonia, be conditioned on its being paid into the Consul's blocked account."   By being blocked means that funds cannot be paid out of the blocked account unless same are unblocked by the Office of Alien Property.

Petitioner alleges that " he has been authorized to receive funds belonging to estates of deceased Estonians for deposit in a blocked custodian account in a domestic bank, as more fully appears by a letter from the United States Treasury Department, dated August 22nd, 1944."   However, a reading of that letter shows same is purely permissive and applies only to " funds and valuables of deceased Estonian seamen who have no legal home in this country."   No funds or valuables in this proceeding belonged to " deceased Estonian seamen " so that

the license granted in the above Treasury Department letter does not apply.

Petitioner fails to support by any authority his request that the payment of all shares to distributees outside of Estonia be paid unconditionally. Article XXIV of the Treaty of Friendship, Commerce and Consular Rights upon which petitioner relies reads as follows: " A consular officer of either High Contracting Party may in behalf of his non-resident countrymen receipt for their distributive shares derived from estates in process of probate or accruing under the provisions of so-called Workmen's Compensation Laws or other like statutes provided he remit any funds so received through the appropriate agencies of his Government to the proper distributees, and provided further that he furnish to the authority or agency making distribution through him reasonable evidence of such remission." (44 U. S. Stat. [Part 3] 2388.)

Nowhere in said article does it state that payment can be made to petitioner unconditionally but, on the contrary, it is precisely stipulated that payment can only be made to a consular officer " provided he remit any funds so received through the appropriate agencies of his Government to the proper distributees and provided further that he furnish to the authority or agency making distribution through him reasonable evidence of such remission." Petitioner has failed to furnish to this court or the Treasurer of Suffolk County, such reasonable evidence as indicated in the above article XXIV of the treaty.

Therefore, with respect to the share of Alice Niggol, a resident of Estonia, the application should be denied. This court takes judicial notice of the fact that the sovereignty of the Republic of Estonia, which petitioner represents, does not obtain in that country today. It would be impossible, therefore, at the present time, for petitioner to " remit (the share of Alice Niggol) through the appropriate agencies of his Government to the proper distributees."

The application with respect to the shares of the nonresident Estonian nationals, Emma L. Niggol (resident of British Zone of Germany; Aurelie Niggol, Karin Schwallbach, Nora Kalvik (residents of American Zone of Germany); Ottomar Niggol (resident of Canada); and Sigrid Mord (resident of New Mexico) should be granted. None of these persons are residents of areas of which it can be said " there is not a reasonable assurance that a payee in those areas will actually receive checks or warrants * * * and be able to negotiate them for full value." (Code of Fed. Reg., tit. 31, § 211.3, subd. [a], as amd.;

16 Federal Register 1818. Cf. *Matter of Geffen,* 199 Misc. 756.) There would appear to be no attempted circumvention of the effect or the spirit of section 269 of the Surrogate's Court Act. (Cf. *Matter of Getream,* 200 Misc. 543, *Matter of Perlinsky,* 202 Misc. 351.) Under these circumstances, it cannot be said that it appears that these persons " would not have the benefit or use or control " (Surrogate's Ct. Act, § 269) of their respective shares. Payment may be ordered to the Estonian Consul on behalf of these nonresident Estonian nationals. (*Matter of Houston,* 145 Misc. 417, 424.) However, the granting of this part of the application is made upon condition that petitioner furnish to the authority or agency making distribution of the funds through petitioner, reasonable evidence that the shares remitted thereto be received in full by the rightful owners. Since petitioner merely requests to act as agent to remit the shares to the rightful owners, it might be well to have the checks issued by the Treasurer of Suffolk County made payable to the distributees in their own names.

Submit order in accordance with this decision.