Maximilian Moss, S.
By decision dated June 14, 1961, the court confirmed the Referee’s report and directed that the net proceeds of the estate be deposited in the city treasury pursuant to section 269-a of the Surrogate’s Court Act to the credit of decedent’s only distributees, four persons residing in and nationals of Lithuania. Petitioners allege that they are attorneys for the Soviet Embassy, acting on behalf of three of the *1088 distributees, and are attorneys in fact for the fourth distributee under a duly recorded power of attorney; that they have a fee arrangement for 20% of the net shares to “ our clients ”; and they therefore request an allowance for their services mounting to said percentage in addition to disbursements of $4.20 for recording the power of attorney. An affidavit of service is annexed to the petition. Proof of service upon the attorneys for the parties herein of the petition and affidavit has been filed. No one has filed an answer or objections to the requested relief. Nevertheless the matter requires consideration as to propriety of an allowance to petitioners and of their procedure.
Petitioners have served and filed two notices of appearances. In one, they appear as attorneys for the distributee named as principal in the power of attorney to them, supported by an authorization executed by themselves as attorneys in fact thereunder. In the other, they appear for the deputy chief of the consular division of the embassy of the U. S. S. E. at Washington, D. C., “ who is acting on behalf of * * * Soviet nationals ” naming the other three Lithuanian distributees. The supporting authorization for this notice of appearance was executed by said Soviet consular official. In addition he executed a consent to the allowance for legal services as requested by petitioners.
The court is constrained to hold that petitioners ’ appearance in each instance is not valid. A notice of appearance by them similar to the notice herein and likewise authorized by the Bussian Embassy was stricken out by this court upon motion of the Attorney-General in Matter of Padolsky (N. Y. L. J., May 29, 1961, p. 16, col. 7) on the ground that the court may not recognize any act by the U. S. S. R. involving residents of Lithuania, citing Matter of Adler (197 Misc. 104, appeal dismissed 279 App. Div. 745) and Matter of Braunstein (202 Misc. 244). In Matter of Mitzkel (36 Misc 2d 671) decided simultaneously herewith, the court denied recognition to a power of attorney, also by Lithuanian nationals to these petitioners, and their notice of appearance thereunder was stricken on the ground that the U. S. S. B. may not do indirectly what it is prohibited from doing directly, namely, represent nationals of Lithuania. In the Mitzkel case, petitioners identified their “ Moscow forwarders ”, through whom they received the matter for handling and all necessary documents including their power of attorney from Lithuanian nationals, as a lawyers collective commonly known as “ Iniurcolleguia ” which is an agency or bureau of the U. S. S. E. .Ministry of Justice. Here petitioners in their affidavits of service refer to their contacts with their “ Moscow *1089 forwarders ” without identification, but the court may take judicial notice that it is 1 ‘ Iniurcolleguia ’ To be consistent, in pursuance of its duty to act in accord with United States foreign policy, the court must deny recognition to appearances by attorneys for nationals of the Baltic countries whether they are authorized to appear by the Soviet Embassy or its consular officials or are retained to so appear by a Soviet official agency in the U. S. S. R.
It follows that petitioners do not enjoy the attorney-client relationship in respect of the distributees herein to base an allowance for services payable out of the distributive shares as such. They may, however, as in the Mitskell case, be compensated for their services which were of benefit to the estate and enabled the court to direct distribution, and to that end a reasonable allowance to them is fixed in the sum of $500 to be paid out of the estate.