Joseph A. Cox, S.
In this proceeding for the settlement of the account of the Public Administrator as administrator of this estate the petition states that the administrator lacks sufficient information to identify the distributees of the decedent. Five individuals, residents of Russia, have been cited as possible distributees and a special guardian has been appointed to represent unknown distributees.
The account reports a balance on hand of $4,506.85 which is subject to a recognized claim of the Department of Mental Hygiene in the amount of $3,413.67 which has since been paid upon the consents of the parties appearing in this proceeding. The remaining balance of $1,093.18 is subject to commissions and the expenses of this proceeding.
The United States of America has filed objections to the account asserting a claim to the net estate pursuant to section 3202 of title 38 of the United States Code (Matter of Hammond, 3 N Y 2d 567). The Deputy Chief of the Consular Division of the Embassy of the Union of Soviet Socialist Republics appeared on behalf of certain of his nationals and objections to the account have been interposed by attorneys in fact representing individuals claiming to be distributees of the decedent. The AttorneyGreneral of the State of New York also has appeared.
The position of the United States is that the decedent died without known distributees and pursuant to the United States Code, as interpreted in Matter of Hammond (supra), the distributable estate is payable to the United States. Hearings have been had to determine the existence and identity of distributees and documentary evidence has been offered for this purpose to which objections have been made.
Depositions were taken by way of letters rogatory, to which objections have been interposed upon the grounds that the depositions were not sworn, the returned depositions do not bear the signatures of the witnesses, and the original depositions were not returned to this court. The depositions of 12 witnesses, in response to written interrogatories, were taken by the ‘ ‘ Court Collegium in charge of civil cases of the Supreme Court of the Byelorussian SSR * * * at an open court session in the City of Slutsk.” The court protocol states that “All the witnesses who appeared were warned that they would be criminally liable in case they gave false testimony (according to statute 177 of the Criminal Code of the Byelorussian SSR).” *872 At the end of the statement of each witness there appear the words “Signature of the witness ” and the name of that witness. After the last statement there appear the names of the persons comprising the court, the seal of the court and the original signature of the chairman.
The objections to the response to the letters rogatory are overruled. “ The form of the response of the foreign court may include answers in summary form and may contain some hearsay. This is to be expected in view of the different procedures used in many countries which follow the European practices. The deposition should not, however, be rejected solely for such errors of form if it has probative force. Reflecting the realities of practice with letters rogatory, the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States recently proposed and the Supreme Court adopted the following addition to subdivision (b) of rule 28 of the Federal Rules of Civil Procedure: ‘ Evidence obtained in response to a letter rogatory need not be excluded merely for the reason that it is not a verbatim transcript or that the testimony was not taken under oath or for any similar departure from the requirements for depositions taken within the United States.’
“ A similar statement is to be found in section 3.01(b) of the Uniform Interstate and International Procedure Act approved by the National Conference of Commissioners on Uniform State Laws in 1962 and the American Bar Association in 1963.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3108.08; see, also, 9B Uniform Laws Annotated, § 3.01, subd. [b]).
While the technical objections to the form of the response are rejected, certain of the testimony of persons claiming to be distributees must be excluded inasmuch as these claimants were not competent witnesses as to transactions with the decedent (CPLR 4519). Included in the response are statements of disinterested witnesses which establish the claimants’ relationship to the decedent and these statements read in conjunction with the admissible portions of the claimants’ statements provide an adequate basis for findings as to the status of the claimants.
Forty-three documents of vital statistics also were offered in evidence and objections have been interposed to all but nine of these documents upon the ground that they are not records made contemporaneously with the events recorded but are reconstructed instruments made long after the purported recorded events and in some instances made after the decedent’s death and, consequently, after the occasion for the use of such documents in support of the claimants’ case. It is recognized that *873 war or other catastrophe has required the reconstruction of records but here no attempt has been made to show the need for such “ reconstruction ” or that original records ever existed. We have nothing’ to negate the suggestion that the records were constituted only when the need for them arose or that the facts reported in the records were not supplied by persons intending to use them in litigation (Matter of Asterio, 172 Misc. 1081, 1084). In the instant case the financial advantage is small but, in making any ruling which could be precedential, the fact cannot be overlooked that the government certifying the records also has a financial interest in accomplishing the transmittal of funds to its nationals (Matter of Geffen, 199 Misc. 756; Matter of Best, 200 Misc. 332; Matter of Braier, 305 N. Y. 148, app. dsmd. 346 U. S. 802; Surrogate’s Ct. Act, § 269-a). The reconstructed documents are excluded from evidence.
The proof establishes the distributees of the decedent to be his sisters Maria Gurinovich and Ksenia Gurinovich; his brother Nikolai; the children of a predeceased sister Pelagei Fursevich, viz: Anastasia, Aleksandr, Anna and Maria; the issue of a predeceased brother Dmitri, viz: a daughter Maria Kalinovska, a son Vasily; and grandchildren Viktor and Vladimir; the children of a predeceased brother Timofei, viz: Vladimir and Nina Kaziuchits; and the children of a predeceased sister Daria Savonovich, viz: Matvei, Vladimir and Larissa Rodink. The decedent’s sister Maria Gurinovich is now deceased and she was survived by her children Maria Basalygo and Aleksandra Bartsevich. The decedent’s brother Nikolai is now deceased and he was survived by his children Vladimir and Valentina and his wife Maria. Distribution may be made in proper proportions to the living relatives here identified by depositing their respective interests pursuant to section 269-a of the Surrogate’s Court Act. The objections of the United States are dismissed.