Edward S. Silver, J.
Pursuant to a decree of this court dated October 19, 1961 the sum of $6,397.03 was deposited with the Treasurer of the City of New York to the credit of Dvaireh Kaminsky, a resident of the Soviet Union (hereinafter referred to as Dvaireh) subject to the further order of this court, in accordance with the provisions of section 269-a of the Surrogate’s Court Act. This is a petition by an alleged judgment creditor, a brother [hereinafter referred to as Harry], for an order directing the Director of Finance to pay to the Sheriff the sum of $7,283.32, plus accrued interest, to satisfy a judgment in the sum of $7,308 in favor of the petitioner. The petition alleges that the Director of Finance refuses to honor the levy unless an order is made by this court authorizing and directing him to turn over the said funds.
It appears from the papers filed herein and the file in the Supreme Court action in which the judgment was obtained that Harry was the administrator of the estate in which the deposit was directed; Dvaireh, entitled to a one-sixth interest, was the only distributee for whom deposit was so directed. *1097 In Ms complaint in the Supreme Court action, Harry alleged that Dvaireh was indebted to him and demanded judgment in the sum of $3,603, with interest from November 25, 1930. The complaint was sworn to October 25, 1963, a Friday. Annexed to the papers filed herein is a letter from one, “ Dveira Samvilovna Ksminskaya ”, dated the preceding Sunday and apparently postmarked at Minsk, U. S. S. R., the Monday preceding the verification of the complaint, a coincidence showing that truth is sometimes stranger than fiction. The latter tells Hersh (Harry) that he never refused her when she asked for money; “ I promised that I would repay this money with interest. Now the time has come to repay all I owe you. I know that my brother Shelma (Sam) left me an inheritance which cannot be sent to me. * * * Considering that I owe you $3,600 1 should like to repay you with this money. Dear brother Hersh, try to get this money that I owe you through the court and I will be very glad that I have repaid you from my inheritance. ’ ’ Jurisdiction in the Supreme Court action was based on attachment of the fund in the hands of the Director of Finance; service on the debtor was by publication and mailing and, of course, no answer was interposed.
Judgment was entered May 18, 1964 in the total amount of $7,308 of which $3,603 was the amount of the claim, interest from 1947 was $3,672 and costs $33. By a queer quirk of fate, the amount shown on the certificate of the Director of Finance on hand to the credit of Dvaireh is $7,283.32. The Director of Finance refused to honor the Sheriff’s levy and demand and advised the petitioner that the fund was held subject to the further order of the Surrogate’s Court. Petitioner nonetheless sought an order of the Supreme Court to compel the Director of Finance to pay over the fund. This was denied without prejudice to an application to this court. That application is now made.
Surrogate’s Courts have become familiar with attempts to circumvent the effect of section 269-a of the Surrogate’s Court Act and its predecessor section 269. (Matter of Geiger, 12 Misc 2d 1043, affd. 7 A D 2d 1004, affd. 7 N Y 2d 109; Matter of Alexandroff, 183 Misc. 95; Matter of Perlinsky, 202 Misc. 351; Matter of Yee Yoke Ban, 200 Misc. 499.) Surrogates Benxett, Foley and Rubexsteix all noted ‘ newly discovered theories contrived by ingenious attorneys ” to nullify the effect of its provisions. The devices of powers of attorney and the making of assignments, with and without alleged consideration, have been held ineffective. With respect to the judgment Avhich the petitioner is now attempting to enforce, it differs little *1098 from an assignment, for it is predicated on an admission of indebtedness allegedly having its inception in 1930 — in the judgment entered interest was computed from 1947 — and. an invitation by the alleged debtor to seek payment by means of court action.
It is indeed strange that petitioner made no effort to assert his rights as a creditor against his sister while the estate was under administration by him as administrator. Only after the fund was deposited in 1962 did he take steps to assert the alleged rights upon which he had so long slept.
The fund deposited to the credit of Dvaireh was not under her control at the time it was deposited; it was under the control of the court. To paraphrase the majority opinion in Matter of Geiger (7 N Y 2d 109, 112) so long as Dvaireh’s share of the estate is properly being withheld because of the special circumstances in which Dvaireh finds herself, she is in no position presently to permit it to be obtained by her creditor when she herself was in no position to obtain the fund.
It must also be noted that the judgment of the Supreme Court is a judgment against one Dvaireh Kaminsky and the letter admitting the alleged debt is signed by yet another person, albeit with a similar name. The deposit was made in the name of Dvaireh Kaminsky. There is nothing in this record which establishes that the person against whom the judgment was obtained is the same person as the one for whom the deposit was made. However, under the circumstances appearing here, it is unnecessary to consider this further. The application is denied.