In the Matter of the Construction of the Will of Frederick L. Upjohn, Deceased.

Surrogate's Court, Suffolk County, April 14, 1953.

*Griffing & Smith* for Alice C. Lake, petitioner.

*Caldwell, Marshall, Trimble & Mitchell* for Robert U. Redpath and another, as trustees under the will of Frederick L. Upjohn, deceased.

Hazleton, S.  This is a proceeding to punish two trustees for contempt and to grant petitioner costs and allowance to be paid by the trustees personally.  The petition to punish for contempt is based upon section 84 of the Surrogate's Court Act, while the application for an allowance is based upon section 278 of the Surrogate's Court Act.

This entire controversy originated in a construction proceeding which eventually was remitted to this court by the Court of Appeals.  This court entered its decree on September 4, 1952, directing the trustees to pay petitioner and other beneficiaries moneys due them from certain trusts concerned in the construction proceeding.  The decree also, for the second time, directed payment of substantial allowances to counsel, all of which have

been paid. However, petitioner was not paid the balance due her until February 20, 1953, after this contempt proceeding was instituted on February 13, 1953. Previously, on November 25, 1952, petitioner did receive $2,500 which she needed for the impending marriage of her daughter. This payment was made promptly subject to an accounting which still has to be made due to the death of a third trustee, who died on September 15, 1952, only eleven days after the date of the decree. Petitioner contends that the two surviving trustees willfully neglected to obey the decree in failing to timely pay petitioner what was due her.

Upon the argument, counsel for petitioner stated that since substantial payment had finally been made, he was not now pressing for punishment of the trustees, but rather for his disbursements and allowance, since petitioner had been put to the trouble of bringing this proceeding by the willful neglect of the two trustees.

This court agrees with petitioner that for the purpose of enforcing this decree by a contempt proceeding, the original construction proceeding out of which the decree grew is deemed continued. (Surrogate's Ct. Act, § 84.) However, I do not subscribe to the contention that the continuance of the original proceeding is for the purpose of permitting allowances under section 278 of the Surrogate's Court Act. Section 84 of the Surrogate's Court Act reads in part: '' The application to punish for contempt of court may be commenced by service of an order to show cause either upon the respondent personally or upon his attorney.''

Thus it is clear that the continuance of the original proceeding is for jurisdictional purposes only, and thus eliminates the need for citation of all parties in order to bring some before the court in a contempt proceeding.

There is no precise statutory provision in the Surrogate's Court Act authorizing this court to charge the trustees personally with costs and allowances. But, petitioner says this court possesses such power inherently, citing *Matter of Hidden* (243 N. Y. 499) and *Matter of Garvin* (256 N. Y. 518).

In *Matter of Hidden,* at page 512, the Court of Appeals wrote: '' Two questions of law still remain subject to review by this court: *First.* Did the court have the power to deprive the committee of compensation for his services? *Second.* Did the court have power to direct the committee to pay the expenses of the second reference and special allowances to the special

guardian and to the husband of the incompetent? We begin consideration of both these questions with the premise that the court has made the preliminary finding that the committee *has acted wrongfully.*" (Italics mine.)

In the *Garvin* case, as in the *Hidden* case, the same judge writing both opinions, the court held (pp. 521–522): " Even though the Surrogate's Court Act does not specifically authorize the court to charge the executors personally with costs and allowance, it has the power to impose that charge against them as an expense caused *by their wrong*. (See *Matter of Hidden,* 243 N. Y. 499.) " (Emphasis mine.)

Thus it is clear that even though the Surrogate's Court Act contains no section authorizing this court to charge fiduciaries personally with costs and allowances, nevertheless this court has the inherent power to do so. However, the exercise of such power is limited according to the language of both the *Hidden* and *Garvin* cases to proceedings in which it has been found by the court that the fiduciary has acted wrongfully.

I grant that the trustees were guilty of delay and did not make the final payment to petitioner until the institution of this contempt proceeding galvanized them into action. However, the trustees have attempted to explain their actions and it is clear that the payments to petitioner and others have been made even though the trustees have been unable to account as yet. I cannot find the trustees refused or willfully neglected to obey the decree of this court, nor can I, on the record, hold them guilty of any wrongdoing. It is significant that counsel for petitioner has stated in open court upon the argument that he does not now seek to have the trustees punished for contempt. However, were I to direct that they personally pay costs and allowance, this court would in effect be penalizing them.

The application is therefore denied in its entirety.

Submit order, accordingly on notice.